## Buttschaw, Adm'r, v. Miller.

1. **Administrator**: NEGLECT OF DUTY: LIABILITY TO UNPAID CLAIM-ANT: BURDEN OF PROOF. An administrator who has exhausted the estate is not personally liable to an unpaid claimant, unless he has been guilty of a neglect of duty; and the party alleging such neglect has the burden to prove it.

2. ————: PAYMENT OF ALLOWANCE TO WIDOW IN PREFERENCE TO ALLOWED CLAIM: PERSONAL LIABILITY. Where the court made an allowance to the widow after the time prescribed by statute for such allowance, and it did not appear that the administrator was negligent in not resisting such allowance, and he paid the same, thus exhausting the estate, and leaving unpaid a claim previously allowed, but the payment of which had been deferred because the claimant was a minor, *held* that the administrator was not personally liable to such claimant, but that he was entitled to be discharged, notwithstanding such unpaid claim.

*Appeal from Jasper Circuit Court.*

Monday, June 27.

The appellant, Buttschaw, was appointed administrator of the estate of August Miller, deceased. Having fully administered, as he claimed, he applied for an order of discharge. The defendant, William Miller, being a creditor of the estate,

and not having been paid, resisted the administrator's application for a discharge.    The court refused to grant the order of discharge, and ordered that the administrator pay the claim of Miller.    From the order thus made the administrator appeals.

*Alanson Clark*, for appellant.

*Ryan & McElroy*, for appellee.

ADAMS, CH. J.—The case is submitted upon an agreed statement of facts.    The essential facts, as shown by the statement, are as follows:    August Miller died in 1881, and one Turkeldson was appointed administrator of his estate. He collected the assets, and paid out the same on claims against the estate, except the sum of $193.93.    In December, 1882, he asked to be discharged, and his request was granted, and the present administrator was appointed in his place.    Turkeldson paid over to the present administrator the sum of $193.98, being all the money in his hands.    Miller's claim was proved and allowed during Turkeldson's administration, but payment was not made to him because he was a minor.    The present administrator realized a few dollars from the sale of certain incumbered real estate, and had at one time sufficient funds to pay Miller and the costs of administration.    In November, 1883, the surviving widow of August Miller made an application to the court for an allowance for the support of herself and four children under fifteen years of age, and the court made an allowance of $225, which the administrator paid to her.    After such payment there was only enough money left to pay the cost of administration.    The claimant, Miller, insists that the allowance to the widow was wrongly made, and that the administrator was in fault in paying it, and thereby exhausting the funds in his hands.

A part of the argument of Miller's counsel proceeds upon the theory that the estate has not been exhausted, even though

Buttschaw, Adm'r, v. Miller.

there is nothing at present in the administrator's hands. Their theory seems to be that Turkeldson's payments were wrongful, and that the money may still be recovered from those to whom it was paid, and that the present administrator should be charged with the duty of collecting back, by suit or otherwise, such money. To this we have to say that we are not able to discover from the agreed statement of facts that any money was paid by Turkeldson which can be collected back. It appears to us that the estate is practically exhausted, and that the administrator cannot be compelled to pay Miller's claim, unless through his own fault he has rendered himself personally liable therefor.

We come, then, to the real question in the case, and that is, was the administrator so far in fault in paying the widow the amount allowed that he ought to be held personally liable for the payment of Miller's claim? It is contended by Miller that no allowance should have been made the widow, because the time had already passed during which the widow might be allowed support from the estate, and that the administrator might have prevented the allowance if he had appeared and made suitable resistance to the widow's application. What resistance, if any, he made, does not appear. The agreed statement of facts shows nothing upon this point. If he is to be held personally liable for neglect of duty, the burden is upon the party setting up such neglect.

It is further claimed by Miller that the administrator should have refused to pay the widow the amount allowed. His argument is based upon the assumption that the allowance was a claim inferior to his, and for that reason was not to be paid until his claim had been paid. Sections 2418, 2419 and 2420 provide in what order claims shall be paid, and the allowance to the widow and minor children for maintenance is expressly given a preference over all claims, except charges for the last sickness and funeral of the deceased. It appears to us that, the allowance having been once made, whether right or wrong, the administrator was bound to pay

it. Possibly the allowance, small as it was, ought not to have been made; but with that question we have nothing to do. It appears to us that the administrator has fully and properly administered, and that he is entitled to be discharged.

                                          REVERSED.