PAUL LIPPERT *et al.*, Appellants, v. HENRY LIPPERT *et al.*
IN RE ESTATE OF LIPPERT, Appellant, v. LIPPERT.

**EXECUTORS:** COLLECTING ASSETS: *Liable in damages.* An executor is
not liable for damages to legatees for his failure to appraise and
sell certain notes belonging to the estate, and to enforce a judg-
1 ment against a debtor's equity of redemption in real estate, in the
absence of an affirmative showing that the estate has thereby
sustained actual damage.

**FAILURE TO REPORT:** *Penalty.* The failure of an executor to file his
first report until after seven months from the first publication of
the notice of his appointment, and also to file his final report
within the time fixed by order of court, will, in the absence of
any showing of exoneration therefor, by the probate court, render
2 him liable, after the reports have been filed, in an action by a
devisee in the district court, to a forfeiture of $100 for each
default, under Code, section 2482, providing that an executor
failing to account, as required by law or by the court, shall,
for every such failure, forfeit the sum of $100.

**FINAL REPORT.** Should not be approved when it appears that there
3 is distribution to be made additional to what is reported.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED,
Judge.

TUESDAY, FEBRUARY 6, 1900.

THE defendant Henry Lippert is executor of the last
will of Anna Marie Lippert, deceased. In the first case the
matters involved may be stated as follows: Plaintiffs are
legatees under said will. The executor filed his final report,
and, under order of court to make distribution, tendered to
each of the plaintiffs 93 per cent. of the amount of the legacy
bequeathed; at the same time making a showing that these
payments would exhaust the assets of the estate. This action
was then brought. The first two counts of the petition claim
forfeitures for the benefit of the estate because of the failure
of the executor to make reports as required by law. Count

3 makes claim for damages because of the failure of the executor to have certain promissory notes belonging to the estate appraised. In count 4 a claim is made for damages because the executor, who held a judgment rendered on a debt secured by a second mortgage, did not order execution on it levied upon the debtor's equity of redemption in real estate which was sold under the first mortgage. The petition was dismissed, and from this ruling plaintiffs appeal. After the foregoing matters were disposed of, the final report of the executor was approved, and he was discharged, and the second proceeding brings that action of the trial court here for review.—REVERSED.

*McCarthy & Kenline* for appellants.

No appearance for appellee.

WATERMAN, J.—These two actions were submitted together, and may be disposed of in one opinion. There is no evidence to sustain the claim for damages made in the third and fourth counts of the petition. The failure of the executor to have certain promissory notes appraised would not warrant a judgment against him, unless it be made to appear that the estate was in some way injured thereby. We cannot assume that it was. No evidence was offered to show the probable value of the equity of redemption which it is said, in the fourth count, the executor should have had sold. The argument is made that there is a presumption that it would have sold for something, and therefore the court was in error, and its holding should be reversed. We do not reverse judgments for a failure to award nominal damages, when it does not appear that complainant was entitled to more. *Harwood v. Lee*, 85 Iowa, 622; *Crawford v. Bergen*, 91 Iowa, 675, and cases cited.

II. We have then to consider the claims for forfeitures set up in the two first counts. It seems, the executor failed to file his first report, as required by section 2469, Code

1873, after the expiration of six months, and within seven months, from the first publication of notice of his appointment; and he also failed to file his final report within the time fixed by order of court. No action was taken, however, upon these failures, until after the reports had been filed. This proceeding was then begun, and the two counts under consideration are founded upon section 2482, Code 1873, which is as follows: "Any executor failing to account upon being required to do so by the court, or as he is required to do by law, shall for every such failure forfeit one hundred (100) dollars to be recovered in a civil action on his bond for the benefit of the estate, by any one interested therein." This section imposes a penalty which accrues to the estate immediately upon the default of the executor. It may be that the probate court, upon a proper showing of excuse, even after default, could have exonerated the executor; but this was not done, so far as the record here shows. No matter of excuse, certainly, could be heard in the district court sitting for the trial of ordinary actions, such as this. Moreover, except by implication from the fact of the decision being in the executor's favor, no excuse, even of this kind, is disclosed. The penalty having accrued, its payment should have been enforced.

III. In the appeal of the second of these cases, the assignments of error may be stated thus: That the appellants, as legatees, have not been paid in full; that the executor failed to have the promissory notes of which the estate consisted appraised; that he failed to offer the notes for sale, and did not sell the equity of redemption in the real estate, of which particulars are given in our statement of the pleadings; and also that the legatees were not paid pro rata, as required by law. What we have said as to the first case has, in part a bearing here. As to the amount shown to be on hand, the final report discloses that the executor has tendered payment of the whole thereof to the legatee, and no evidence was offered to show that the assets could have been made to

pay more. It is said that the executor still retains a judgment against George Lippert, which belongs to the estate. He reports this as worthless, and there is no evidence to contradict this fact. The result of our holding on the first case, however, is to add two hundred dollars to the assets of the estate, and this sum has not been accounted for. As the executor still has funds to distribute, in addition to the amount reported, it is manifest that his report, as made, should not have been approved. On both appeals, REVERSED.

GRANGER, C. J., not sitting.