IN RE ESTATE OF JOE R. ESCHWEILER.

E. E. BATEMAN et al., Appellants, v. VELMA ESCHWEILER, Administratrix, Appellee.

EXECUTORS AND ADMINISTRATORS: Accounting and Settlement—
1 Irregular Expenditures. Irregular but nonfraudulent disbursements by an administrator may be sustained on a showing that neither the estate nor the creditors thereof have been prejudiced. (See Book of Anno., Vol. 1, Sec. 12050.)

EXECUTORS AND ADMINISTRATORS: Accounting and Settlement—
2 Burden of Proof. An administrator has the burden of proof to establish the nonprejudicial nature of his irregular report. (See Book of Anno., Vol. 1, Sec. 12050, Anno. 19.)

APPEAL AND ERROR: Abstracts of Record—Presumption. The pre-
3 sumption will be indulged that the testimony before the trial court justified its ruling when, on appeal, the abstract shows the existence of such testimony, *but does not contain it.* (See Book of Anno., Vol. 1, Sec. 12845, Anno. 107 *et seq.*)

Headnote 1: 24 C. J. p. 91. Headnote 2: 24 C. J. p. 1018. Headnote 3: 4 C. J. pp. 735, 777.

*Appeal from Howard District Court.*—H. E. TAYLOR, Judge.

JUNE 21, 1926.

REHEARING DENIED SEPTEMBER 24, 1926.

Appeal from the district court in a proceeding in probate. Certain creditors having filed objections to the report of the administratrix, the court heard evidence, and thereupon sustained the objections in part and overruled them in part. From such order, the objectors have appealed.—*Affirmed.*

*William J. Daly,* for appellants.

*L. J. Kehoe,* for appellee.

EVANS, J.—Eschweiler died intestate February 17, 1923, survived by his widow and two children. The widow was appointed administratrix of the estate. The deceased appears to
have been a tenant farmer, occupying a rented farm. The first report of the administratrix disclosed a sale of the personal property and the receipt of $1,123.28 therefor. It disclosed disbursements also in various amounts to various persons, and reported a balance of $27.50. The claims filed against the estate amounted approximately to $3,000. Two of the claimants are the objectors herein. The disbursements disclosed by the report of the administratrix purported to have been made to persons who had no claim on file. The appellants herein filed their objections to the report, as being irregular in form, and as disclosing unwarranted disbursements by the administratrix. Pursuant to such objections, the court ordered an additional report to be made, in explanation of the action of the administratrix. Such additional report being made, the objectors renewed their objections thereto. The court thereupon set the matter for hearing upon the report and the objections thereto, and such hearing was had. Upon such hearing, the court sustained the objections, to the extent that it disallowed certain disbursements, and held the administratrix responsible to the amount of $368.85, as the proper balance in her hands subject to distribution. From this order the objectors have appealed.

The amended report filed by the administratrix purported to explain the disbursements indicated in her report. The substance of this explanation was that substantially all the property of the decedent was mortgaged; that the mortgagees joined in the sale and were present thereat; that they took the proceeds of the mortgaged property, and applied the same upon their debt; that some of the property sold at such sale did not belong to the estate of the decedent, but was brought to the sale by another, who took the proceeds thereof; that the record made by the clerk of the sale disclosed each article sold and the price paid therefor, and thereby mixed the proceeds, without any indica-

*1. EXECUTORS AND ADMINISTRATORS: accounting and settlement: irregular expenditures.*

tion of the rights of different persons in the different articles of property sold; that the debit items with which the administratrix charged herself in her report were those indicated in the clerk's record of sale; and that the items of disbursement with which she credited herself represented items taken by the mortgagees and by the other owner, which items had not in fact come into her possession. This is perhaps a sufficient general indication of the method of the accounting and explanation of the administratrix. Her report was very irregular in form, and her conduct lacked at all times the express direction or approval of the court.

It is contended by appellants that these irregularities were of such grave and willful nature as to amount to fraudulent conduct on the part of the administratrix, and that she had so conducted herself for the purpose of defrauding the claimants against the estate.

It does appear that the administratrix, though entitled to take the exempt property of the estate, made no claim for it. This of itself strongly repels any insinuation or suspicion of actual fraud. On its face, the case seems to be one where the widowed mother of children, inexperienced in business affairs, became the very incompetent administratrix of an insolvent estate. The irregularities of her report furnished abundant ground for the objections, and thereby cast upon her the burden of showing that such irregularities had not operated to the prejudice of the claimants against the estate. So far as appears, the court held her to that burden.

2. EXECUTORS AND ADMINISTRATORS: accounting and settlement: burden of proof.

It appears from the appellants' abstract that the court heard the testimony of witnesses upon both sides of the controversy. Appellants do not purport to include such testimony in their abstract. They contend that they are entitled to a reversal of the order of the trial court upon the formal record of the probate proceedings, and independently of the testimony of witnesses. We cannot sustain such contention. Notwithstanding the irregularity of the procedure adopted by the administratrix, it was still open to her to show that such irregularity worked no wrong to the estate or the claimants thereon. It is urged by the appellants that they are in no position to prove or to disprove the validity of the claim of the mortgagees after a dissipation of the property

3. APPEAL AND ERROR: abstracts of record: presumption.

by a sale. But the appellants were under no burden in that regard. On the contrary, the burden fell upon the administratrix to prove to the satisfaction of the court that she had parted with nothing which she was legally entitled to hold for the estate. If she failed to make such proof as to any item, she became thereby chargeable therefor for the benefit of the estate.

Inasmuch as the testimony of the witnesses has not been incorporated into the record before us, we must assume that the findings of the court were properly predicated thereon.

The order appealed from must, therefore, be affirmed.

Because of failure of appellee to comply with our rules in the matter of her argument here, no costs will be taxed in her favor therefor.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.