IN RE ESTATE OF WILLIAM H. SMITH.

No. 43274.

MARCH 9, 1937.

REHEARING DENIED JUNE 18, 1937.

W. W. White and Gareld Leming, for appellant.

Lee, Steinberg & Walsh and Carr, Cox, Evans & Riley, for appellee.

DONEGAN, J.—William H. Smith died in December, 1929, a resident of Hardin county, Iowa. He left a will which was duly admitted to probate and on the 17th day of February, 1930, William Whisler, named in the will, was appointed and qualified as executor thereof. Among the assets of the estate was a certificate of deposit in the First National Bank of Williams, Iowa, in the sum of $8,625, which became due on the 5th day of March, 1930, and which, with interest then accrued, amounted to $9,-056.25. Within a few days after this certificate became due, Whisler, as executor, presented it for payment but, because of statements made to him by the cashier of said bank, he did not insist upon payment at that time. Further requests were made at later times for payment of this certificate of deposit, but again, on each of these occasions, the officers of the bank induced Whisler to delay the collection of same and, on the first day of July, 1930, the bank closed its doors and went into the hands of a receiver. The assets of the bank were liquidated and payments aggregating 29.55 per cent were made to creditors, making the total paid to said Whisler, as executor, on said certificate of deposit $2,443.39.

It appears that Whisler made a report to the court, to which objection was made, because it did not account for the total face value of the said certificate of deposit and interest thereon. So

far as the record shows, no separate hearing was had on such report and objections thereto prior to the hearing with which we are here concerned. On the 18th day of January, 1935, one of the heirs of decedent, who was also a beneficiary under the will, filed a petition in the probate court in which, after reciting in substance the facts above related, alleged that the failure of Whisler, as executor, to collect said certificate in full was due to his negligence, further alleged that he had failed to comply with the requirements of law requiring settlement of the estate within three years and an accounting for all property coming into his hands, and asked that an order be entered citing Whisler, as executor, to appear and show cause why he should not be removed as executor. This petition also asked that such executor be required to make final settlement and account for all moneys belonging to the estate, including all moneys on deposit in said bank at the time of his appointment, and that a successor-executor be appointed in his place. To this petition Whisler, as executor, filed an answer and resistance which, after admitting his appointment and qualification as executor, the receipt of said certificate of deposit by him, the closing of the bank, appointment of a receiver, liquidation of the bank's assets and the payment to him, as executor, of dividends upon said certificate of deposit aggregating 29.55 per cent of the amount of principal and interest due thereon, alleged that he promptly demanded payment of said certificate when it became due and was assured by the managing officer of the bank that it was solvent; that the estate had no need for funds at that time; that he had no reason to believe the bank was insolvent; and that he believed it was solvent. Said answer and resistance further alleged that Whisler, as executor, had made a report and was ready to close said estate within three years after his appointment, but that certain of the heirs filed objections to said report and held up the settlement of said estate; that he had fully accounted for all property coming into his hands as executor, and that the estate is ready to be closed. All allegations of the petition inconsistent with the allegations of his answer were denied. The petition also contained certain allegations in regard to obscure provisions of the will, which it asked be construed, and the answer admitted that such obscure provisions appeared in the will and consented to the construction thereof.

The case was tried to the court and, at the close of the evi-

dence, the executor, with the consent of opposing counsel, and permission of the court, amended his answer to conform to the proof. The case was taken under advisement and some time thereafter the court entered its ruling and order. Omitting that part having reference to the construction of the obscure provisions of the will, which is not questioned in this appeal, we find that the ruling and order denied the prayer of the petition asking for the removal of said executor; that it held that the executor was not obliged to account for the moneys lost by reason of the closing of the First National Bank of Williams; and that, except for said moneys thus lost, it held that prompt and proper accountings should be made. From such order and ruling the petitioner, Edwin E. Smith, appeals.

This matter was tried as a probate proceeding, and, therefore, it is not triable *de novo* in this court. If the findings of facts made by the trial court find support in the evidence, such findings are binding upon this court on appeal. But if the trial court erred as to the law applicable to the facts found by it, such errors of law may be reviewed by this court. Several errors of law are alleged by the appellant-petitioner as grounds for reversal, but, in the view we take of this case, only one of these alleged errors requires our consideration. The trial court held that the burden was on the petitioner to show—first, that the executor was negligent; second, that the estate suffered loss because of such negligence. As the trial court found from the evidence that the executor was negligent, and, as there is no appeal from such finding, we need give this phase of the case no further consideration.

The principal difficulty arises in this case when we come to a consideration of the holding of the trial court that the burden of proving loss to the estate was upon the petitioner. The appellee-executor contends that the burden was upon the petitioner to prove not only negligence on the part of the executor but damage to the estate resulting from such negligence. The petitioner insists that the burden was upon the executor to account for the property that came into his hands as such executor and to establish his right to any credits or offsets by which the value of the property thus received by him should be reduced. Both sides argue strenuously and cite authorities which they claim support their respective positions.

We are inclined to think that the controversy arising from

the holding of the trial court as to the burden of proof is due largely to the procedure that was followed and to the latitude covered by the evidence. The only pleadings set out in the record are the petition and amendment thereto filed by the appellant-petitioner and the answer and resistance of the executor and amendment thereto. True, the petition asked for the construction of obscure provisions of the will and asked for an accounting by the executor. The appellee not only raised no objection to the construction of the will but consented that this be done, and this matter is not involved in this appeal. We think, however, that the question of an accounting by the executor has caused confusion as to the issues before the trial court and now before this court on this appeal.

It appears that prior to the institution of this proceeding by the petitioner, the executor had filed a report which he claims was a final report and accounting, that objections had been filed to this report, but that no hearing on such report and objections was had. Instead of proceeding to a hearing of the issues raised by said report and objections, the petitioner filed the petition here involved asking for the removal of the executor and alleging as the principal ground for said removal the negligence of the executor in failing to collect the full face value of the certificate of deposit in question. As the report filed by the executor and the objections thereto are not set out in the record, and, as the issues tried by the lower court appear to have been such as were raised by the petition for removal of the executor and by the answer and resistance to such petition, the trial court's holdings were necessarily limited to such holdings as could be made on the issues before it.

 The petition filed in this proceeding was based apparently on section 12066 of the Code. As to the issues raised by a petition for removal under this statute, we think, as contended by appellee, that the burden in this proceeding was upon the petitioner to show not only that the executor was negligent but also that the estate sustained damages resulting from such negligence, as alleged in the petition. The allegations of the petition and the evidence introduced in support thereof revolve around and are directed to the conduct of the executor in connection with the certificate of deposit. It is charged in the petition that the executor was negligent in not insisting upon the payment of the certificate when due, and it is claimed that, if it had not been

for such negligence, the certificate of deposit would have been paid in full. No claim was made in the petition that, if it had not been for the negligence of the executor, the amount received by the estate might have been less than the full face value of the certificate and interest but more than the amount received in dividends in the liquidation of the bank. No claim is made and no evidence offered to show that the estate would have received more than the amount of dividends which it did receive in the liquidation of the bank, if the executor had exercised due diligence. In this situation, therefore, we think the trial court was right in holding that the burden was upon the petitioner to prove that the certificate of deposit would have been paid in full but for the negligence of the executor. Buttschaw v. Miller, 72 Iowa 225, 33 N. W. 642; Lippert v. Lippert, 110 Iowa 550, 81 N. W. 777; Baitinger v. Elmore, 208 Iowa 1342, 227 N. W. 344.

■■■ But the trial court went further than to hold simply that the petitioner had not sustained the burden imposed upon him as to the removal of the executor. It held that the petition should be denied, not only as to the removal of the executor, but also as to ''an accounting by him for all moneys lost by reason of the closing of the First National Bank of Williams'', and that ''except for the money lost by the closing of the bank, prompt and proper accounting is due from the executor.'' In releasing the executor from the duty to account properly for the money evidenced by the certificate of deposit, we think the trial court was in error. The law imposes upon an executor the duty to account for all property coming into his hands as such. Such duty is ordinarily performed when the executor makes his final report showing the property received by him, and that any of such property not still in his hands is accounted for in such a way as to release him from liability therefor. The general rule, as stated in 24 C. J., 1017, is that, ''When a personal representative renders his account and it is contested, the burden is generally on him to sustain and establish its correctness, and even though there is no formal opposition, the representative must show that his account is correct, although he is not in such case obliged to prove each separate item.'' On page 1018 of same volume, it is also said: ''When, however, assets are shown or admitted, the burden is upon the personal representative to account for their proper disposition; and where the representative has failed to collect a claim due to the estate, the burden rests

upon him to show that it could not have been collected by the use of due diligence." See, also, 65 C. J., 904, 905; Chirurg v. Ames, 138 Iowa 697, 116 N. W. 865; In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35; Leach v. Beazley, 201 Iowa 337, 207 N. W. 374; In re Estate of Eschweiler, 202 Iowa 259, 209 N. W. 273; In re Estate of Mowrey, 210 Iowa 923, 232 N. W. 82; In re Estate of Moe, 213 Iowa 95, 237 N. W. 228, 238 N. W. 718; In re Estate of Enfield, 217 Iowa 273, 251 N. W. 637.

We must not be understood as here determining that the executor is indebted to the estate for the difference between the face value of the certificate of deposit and interest thereon, and the amount of dividends received by him on said certificate of deposit in the liquidation of the bank. Nor do we hold that the executor is indebted to the estate for any sum in excess of the dividends thus received by him. What we do hold is, that the trial court was wrong in releasing the executor from any further duty to account to the estate in connection with the certificate of deposit. This proceeding was primarily for the removal of the executor. It also asked for an accounting by the executor. Such accounting was not in itself an essential part of this proceeding. The questions involved in the removal of an executor are not necessarily the same as those involved in the accounting which the law requires an executor to make. The accounting is something that ordinarily would follow the order made by the court in the proceeding for removal. The trial court did require the executor to account for all property other than the certificate of deposit, but released him from further accounting for this certificate. It will probably be contended by the appellee that this issue as to accounting was tried in the proceeding and hearing on the petition for the removal of the executor, and there is much in the record and in the brief and argument of appellant to indicate that this was the intention and understanding of the parties. However, assuming that the issue as to accounting was tried in connection with the issue as to the removal of the executor, we are at a loss to understand how this would change the law as to the burden of proof as to these different issues. The trial court did not separate these issues in its findings, but held that the burden was upon the petitioner to show that there would have been no loss to the estate on the certificate of deposit if the executor had not been negligent. Admitting that such burden was upon the petitioner before he would be entitled to have the exec-

utor removed, we do not understand it to be the law that the failure of the petitioner to sustain such burden would have the effect of releasing the executor from the duty that the law imposes upon him to make a full and final accounting for this certificate of deposit. We do not hold that, as to this certificate of deposit, the executor should be obliged to account to the estate for the full amount thereof, or for any amount in excess of the dividends received by him thereon. What we do hold is, that the executor cannot be released from the duty that the law imposes upon him, to account for the property coming into his hands, by the failure of the petitioner to prove by the preponderance of the evidence that the estate had suffered damages because of the negligence of the executor. Whether, when his final report and accounting are heard by the court, the executor shall be held liable on said certificate of deposit for any sum in excess of the dividends received by him in the liquidation of the bank, and, if so, for how much, are matters for the determination of the court at that time.

That part of the ruling and order of the trial court denying the petition of the appellant for the removal of the executor is, therefore, affirmed; but that part of said ruling and order holding that the executor is under no further duty to account for the certificate of deposit which came into his hands is hereby reversed.—Affirmed in part; reversed in part.

RICHARDS, C. J., and ANDERSON, KINTZINGER, PARSONS, HAMILTON, and SAGER, JJ., concur.