THE CLEARFIELD BANK v. ELMER A. OLIN *et al.*, Appellants.

Fraudulent Conveyances: PARENT AND CHILD. Where a son, who was insolvent, conveyed land to his father and mailed the deed, without any previous understanding or agreement between them that such a conveyance was to be made, the conveyance was in fraud of creditors.

SALE OF EXEMPT PROPERTY. Where forty acres of defendant's farm was occupied as a homestead, the fact that he conveyed the whole of it to his father to avoid creditors did not subject that forty acres to their claims, since defendant had a right to sell the homestead, and its sale in no way prejudiced the creditors.

Appeal: SUFFICIENT PRESENTATION OF RECORD: *Bills of Exception.* Where an action presented an equitable issue as well as one at law, and was tried as in equity without objection, and appellant's abstract showed that it was an abstract of record, a motion to strike appellant's evidence from the abstract because it was not made a part of the record by a bill of exceptions or otherwise must be denied.

TRIAL IN EQUITY WITHOUT OBJECTION: *Bill of Exceptions.* Code, section 2427, provides that error as to the kind of proceedings shall be waived by defendant's failure to move for its correction before filing his answer. *Held,* that where an action was tried as in equity without objection, the contention that a judgment for plaintiff should be affirmed because the abstract did not contain all the evidence, as no bill of exceptions was filed, was without merit, since the right to a trial at law was waived, and no bill of exceptions was necessary.

*Assignment of Errors.* Code, section 4136, provides that, except in actions triable *de novo* no question shall be considered in the supreme court unless pointed out by assignment of error. *Held,* that where an action was tried, without objection, as in equity, the failure to assign errors constituted no ground for dismissing the appeal, it being triable *de novo.*

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, DECEMBER 20, 1900.

THIS action is upon two promissory notes made by Elmer A. and Eunice C. Olin, both of whom are parties defendant. The action is aided by an attachment directed against the property of defendant Elmer A. Olin, and was levied on a certain 80 acres of land in Ringgold county, Iowa, on the seventh day of August, 1898. G. A. Olin is also a party defendant, and by the petition it appears that Elmer A. Olin, with intent to defraud his creditors, voluntarily, and without the knowledge and consent of G. A. Olin,

executed to him a quitclaim deed of said land, and placed the same on record; and, besides judgment on the notes, there is a prayer that the deed be set aside and declared of no validity as against plaintiff's counterclaim. The defendants deny the averments as to fraud in the sale of the land to G. A. Olin, and aver the transaction to have been in good faith, and for a valuable consideration. The defendants also present a counterclaim for the wrongful suing out of the attachment, the averments of which are put in issue by the plaintiff. The issues were tried to the court, and judgment was given for plaintiff for the amount found due on the notes in the sum of $1,074.20, and for attorney's fees and costs. The court also found for the plaintiff on the issue as to fraud in the sale of the land, and decreed the conveyance void as against plaintiff's claim. The defendants appealed. —*Modified.*

*Copenheffer & Allen* for appellants.

*Flick & Jackson* for appellee.

GRANGER, C. J.—I. Appellee moves to strike the evidence from the abstract because it has not been made part of the record by bill of exceptions or otherwise. It is true that the pleadings present an equitable issue, as well as one at law, and, so far as we can determine from the record, the cause was tried below as in equity, and equitable relief was granted. Appellee presents an additional abstract, but it only questions appellants' abstract as to its containing all the record and all the evidence in proper form. Appellants' abstract shows that it is an abstract of the record, and that is not denied other than as to its sufficiency as such. It seems to us the motion is without facts for its support. We are also asked to affirm the judgment because appellants' abstract does not contain all the evidence. This branch of the motion seems to be based on the claim that no bill of exceptions was filed. As we have said, the

cause seems to have been tried in equity, and it seems to have been without objection. If so, the right to have it otherwise tried was waived. Code, section 3437. See, also, *Parshall v. Moody,* 24 Iowa, 314; *Green v. Marble,* 37 Iowa, 95; *Knott v. Tincher,* 39 Iowa, 628. We are asked to dismiss the appeal because there is no assignment of errors. None is required in an action in equity. Code, section 4136. We should state that appellee's theory of the motion is that the action is one at law.

II    The court below found that there was fraud in the transfer of the land by Elmer A. Olin to his father, G. A. Olin. The conclusion is fully warranted from the evidence. It is not even open to doubt. Elmer A. Olin executed the deed, and placed it of record, and afterwards forwarded it to his father by mail; and all this was done without any understanding between the parties. It is true that at one time G. A. Olin had asked for a deed of the land in payment of an indebtedness from Elmer A. Olin to him, but there had been no agreement or understanding that it should be done, and G. A. Olin did not expect it to be done. The transfer was unmistakably made by Elmer A. Olin to avoid his creditors, and when the father finally received and accepted the deed he did so to aid Elmer A. in his fraudulent purpose. It is not important that we discuss the details of the evidence further.

III.    The south 40 acres of the 80 acre tract were the homestead of Elmer A. Olin, and exempt from liability for plaintiff's claim. The decree of the district court subjects the whole tract to the payment of the debt. As to the homestead, Elmer A. Olin and his wife had the right to sell and convey it, and the act could not be in fraud of plaintiff's rights. Appellee suggests that the act of selling was an abandonment of the homestead. If so, the title must have passed to G. A. Olin, as it might properly do without any prejudice to the plaintiff. With the title either in Elmer A. Olin or G. A. Olin, we do not see upon what theory the

plaintiff can have any rights in the homestead tract. The decree of the district court will be so modified as to exempt the homestead tract from its operation. MODIFIED AND AF-FIRMED.