RUDOLPH HURNI v. THE SIOUX CITY STOCK YARDS COMPANY, Appellant.

**Quieting title:** RIGHT TO DECREE. Where plaintiff's grantors, in an action to quiet title, accepted a quitclaim deed to the property from another, after his conveyance by general warranty to plaintiff, denied plaintiff's right to a decree and refused to transfer such interest until after the close of the evidence, a decree quieting title and awarding costs was proper.

**Same:** ATTORNEY'S FEES. Where the grantor in a warranty deed subsequently takes a conveyance of the property by quitclaim from another, denies his grantee's right to relief against the same and otherwise asserts rights thereunder, his grantee is justified in demanding a quitclaim of the interest so acquired, and upon its refusal is entitled to attorney's fees as provided in Code, section 4226.

**Same:** ALLOWANCE BY COURT: PRESUMPTION. The trial court is not required to hear evidence as to the reasonable amount of an attorney's fee under the provisions of Code, section 4226, and will be presumed to have made a proper allowance in the absence of a contrary showing.

*Appeal from Woodbury District Court.*— HON. DAVID MOULD, Judge.

MONDAY, FEBRUARY 17, 1908.

REHEARING DENIED, TUESDAY, MAY 12, 1908.

ACTION to quiet title to certain real property and to recover attorney's fees on account of the refusal of the defendant to execute a quitclaim deed under the provisions of Code, section 4226. There was a decree for plaintiff, and judgment for attorneys' fees in the sum of $40. From this decree and judgment, defendant appeals.—*Affirmed.*

*Milchrist & Scott,* for appellant.

*Edwin J. Stason,* for appellee.

McCLAIN, J.— Plaintiff alleged that he was the owner in fee simple and entitled to the possession of lots 6, 7, 8, and 9, in block 32, in Floyd City, an addition to Sioux City, and that he was credibly informed and believed that defendant made some claim adverse to him in and to said property which was without foundation. He also alleged that he had tendered to the defendant a quitclaim deed for execution accompanied with the offer of $1.25 in accordance with the provisions of Code, section 4226, which provides that if a party twenty days or more before bringing suit to quiet title to real estate shall request of the person holding an apparent adverse interest or right therein, the execution of a quitclaim deed thereto, and shall also tender to him $1.25 to cover the expense of the execution and delivery of the deed, and the person to whom such offer is made refuses or neglects to comply therewith, the filing of a disclaimer of interest or right by the latter shall not avoid the costs in an action afterwards brought, and the court may, in its discretion, if plaintiff succeeds, tax in addition to the ordinary costs of court an attorney's fee for plaintiff's attorney not exceeding $25 if the action involves a single tract not exceeding forty acres in extent, or a single lot in a city or town, and a reasonable fee in case two or more city or town lots are included in the description. The evidence for plain-

tiff established his absolute ownership of the lots described, and negatived any adverse interest or right therein on the part of the defendant, and also established the tender of the requisite fee with the request for the execution of a quitclaim deed which was offered to defendant for that purpose, and the neglect and refusal of defendant to execute such deed.

I.    So far as the decree quieting title in plaintiff is concerned, there is really no controversy between the parties. Plaintiff showed that title to lots 7, 8, and 9 had been acquired by plaintiff from defendant under deeds which in their granting clauses purported to convey only defendant's right, title, and interest in the described premises, but which contained also covenants that defendant held the premises by good and perfect title, had good right and lawful authority to sell and convey the same, that they were free and clear of all liens whatsoever, and that the grantor covenanted to warrant and defend against the lawful claims of all persons whomsoever.    The title to lot 6 was made out by proof of the necessary chain of conveyance from the government.    It was also shown for plaintiff that, after the acquisition by him of the title to the property as already indicated, defendant accepted from one Donahue a quitclaim deed covering in its description the lots to which plaintiff claimed title, and that, when defendant's officers were asked to execute a quitclaim deed to plaintiff for the property owned by him, they offered to do so on the making of a quitclaim by plaintiff to defendant for a portion of an alley not included in the lots above described as the property of the plaintiff.    In its original answer the defendant denied plaintiff's right to a decree quieting title in him as against the defendant, and not until the conclusion of the evidence on the issue thus raised did it file an amended answer disclaiming any right to or interest in the property as against plaintiff.    It was proper, therefore, that the court

1. QUIETING TITLE: right to decree.

should give to the plaintiff the decree asked quieting his title and tax the costs of the action to the defendant.

II.    The real controversy in this appeal seems to be as to whether the court properly taxed an attorney's fee against defendant under the provisions of Code, section 4226, above referred to. The contention for appellant is that while the deeds of defendant to plaintiff for lots 7, 8, and 9 were, as to their granting clauses, only quitclaim deeds, the general warranties attached thereto converted them into warranty deeds under which any subsequent title acquired by defendant would inure to plaintiff, and therefore there was no occasion for demanding a subsequent quitclaim deed, although defendant had accepted from Donahue a quitclaim covering these lots which purported to vest some right, title, or interest in defendant.    In this connection, counsel discuss with considerable learning a number of cases from other States involving the effect of such deeds as those which defendant had given to plaintiff for the lots. We do not find it necessary to enter into this discussion. It is apparent under the authorities that there might well be some question as to whether any subsequent right, title, or interest acquired by the defendant after the execution of its deeds to plaintiff would, under those deeds, inure as a matter of law to the plaintiff.    Under the Donahue quitclaim deed defendant appeared to have acquired some right, title, or interest to the lots subsequently to the execution of its deeds to plaintiff; and this we believe was sufficient to throw a cloud on plaintiff's title justifying him in requesting a quitclaim deed from defendant which would remove such cloud. The fact that defendant failed to execute the quitclaim deed thus requested, save on relinquishment by plaintiff of some assumed right to or interest in other property, in itself showed that defendant was attempting to assert an adverse interest, and the subsequent denial by defendant of the relief which plaintiff was asking lent further color to the assertion by defendant of an adverse interest.    Under these

2. SAME: attorney's fees.

circumstances, plaintiff was certainly justified in requesting a quitclaim deed as provided by the statute, and the failure of the defendant to comply with the request warranted a judgment for attorney's fees. Moreover, the Donahue quitclaim covered lot 6, as to which plaintiff's title was not derived from defendant, and, so far as the title to this lot was concerned, defendant was clearly asserting an adverse interest.

That the fee of $40 which was allowed was reasonable must be presumed in the absence of any showing to the contrary. The trial court is not required to take testimony as to the reasonable amount of an attorney's fee which is to be taxed as part of the costs in the absence of any offer of evidence on the subject. The trial judge must be assumed to know what is a reasonable attorney's fee, at least where no issue as to the amount is specifically raised. Moreover, the statute expressly provides a scale in accordance with which the fees may be fixed, and it is apparent that the amount allowed in this case does not exceed that authorized by the statute.

3. SAME: allowance by court: presumption.

The decree and judgment of the trial court is *affirmed.*