HARRY I. STELTZER, Appellee, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY, Appellant.

**Actions:** FORUM: REVIEW ON APPEAL. When an action has been brought in equity and tried upon the theory that it was one of equitable jurisdiction, it will be so considered on appeal, whether the pleadings present an action properly triable in equity or at law.

**Same:** APPEAL: ADJUDICATION. Where plaintiff brought an equitable action to recover wages alleged to be due, and upon appeal the judgment for plaintiff was reversed without an order for remanding the cause or for a new trial, and a subsequent application in the appellate court for a lesser sum was refused, the trial court had no authority thereafter upon a motion based upon the same pleadings, record and evidence, to enter a judgment for plaintiff for a lesser sum; as the determination of the appeal was a final adjudication of all the issues involved.

**Same:** APPEAL: REVERSAL: DISMISSAL OF ACTION: TAXATION OF COSTS. Where the appellate court adjudges that plaintiff is not entitled to recover on his petition, it is not necessary for the defendant to have the petition dismissed by the trial court, although the appellate court failed to enter a formal dismissal; as the case was no longer pending in any court. It was proper, however, upon the filing of a procedendo for the defendant to move for a retaxation of costs.

*Appeal from Perry Superior Court.*—HON. JOHN SHORTLY, Judge.

FRIDAY, NOVEMBER 27, 1914.

THE opinion states the case.—*Reversed.*

*Cook, Hughes & Sutherland,* for appellant.

*H. S. Dugan,* for appellee.

WEAVER, J.—The plaintiff, as assignee of several of defendant's employees, brought this action to recover wages

alleged to have been earned by his assignors. Defendant answered, setting up a stipulation in the contract of hire, by which defendant was authorized to apply the wages so earned to the satisfaction of certain debts and charges incurred by the employees, and alleging that the earnings in question had been so applied. For some reason the action was brought in equity and was so tried and determined. The trial court, upon hearing the evidence, found for the plaintiff, and defendant appealed to this court, where the decree below was reversed in an opinion prepared by Sherwin, J., where it was said the trial court was in error in holding plaintiff entitled to recover. The decision so announced was accompanied by no order of remand or for new trial. See *Steltzer v. Railroad Co.*, 156 Iowa, 1. Plaintiff then filed a petition for rehearing, and, after a reargument upon the merits of the case, called the court's attention to the alleged fact that, even after giving defendant credit for all its payments made pursuant to the contract of employment, there was still an unexpended remainder in its hands, and insisted that for this amount at least the judgment of the trial court should be permitted to stand. This contention was not sustained, and the petition for rehearing was overruled. Thereafter the defendant caused a procedendo to be filed in the trial court, and there moved for an order dismissing the plaintiff's petition and for a judgment in its favor for the costs of that court. Pending a ruling on this motion, the plaintiff moved for judgment in its favor for what it claimed to be the difference between the aggregate of the wages earned by his assignors and the payments which defendant had made to creditors of said assignors pursuant to the contract of hire. Defendant resisted this last motion on the ground that the claim for which judgment was demanded had been adjudicated and determined adversely to the plaintiff. In support of his motion plaintiff exhibited to the court the pleadings and record in the case, including the abstract and transcript of evidence on the first appeal, the opinion of this court upon the final submission thereto, and the procedendo.

No other showing was made, and no other evidence offered, and there was no offer or attempt of any kind to amend the pleadings or to present any other or different case or issue than was presented on the former trial and appeal. The court denied defendant's motion to dismiss, and sustained plaintiff's motion for judgment against the defendant assessing the recovery at $310.23, with interest and costs. From that judgment the present appeal has been taken.

We can discover no substantial grounds upon which this recovery can be sustained. Whether the cause stated in the petition discloses a case properly triable in equity we need not here consider. The action having been brought upon the theory that it was one of equitable jurisdiction, and having been so tried without objection, it will be so treated on appeal in this court.

1. ACTIONS: forum: review on appeal.

The trial here was de novo, and whatever merit there was in plaintiff's claim under the issues joined was there presented, and, if he was entitled to recover the wages mentioned in the petition or any part or parcel thereof, it was for this court to so find and to sustain the judgment below to that extent. The plaintiff recognized this situation and did ask that the judgment be affirmed for the alleged difference between the wages earned and the amount of payments properly made by defendant to the creditors of the employees. The denial of this application and the reversal of the judgment appealed from, without order of remand or for new trial, would seem to be a complete and final adjudication of everything which had been in issue. It will be observed that plaintiff's motion for judgment in the trial court, after the procedendo had issued, was for precisely the same relief which he had demanded in this court on the trial of the first appeal, upon the same pleadings, the same record, and the same facts, and the substantial effect of the order sustaining such motion is to set aside and hold for naught our adjudica-

2. SAME: appeal: adjudication.

tion thereon—a proceeding the irregularity of which is too clear to require argument.

We do not undertake any examination of the record to ascertain whether, as a matter of fact, there was any unexpended remainder of wages due plaintiff's assignors in the hands of the defendant. That question was, as we have seen, disposed of on the former appeal, and the decision was not subject to review by the trial court. If we made any mistake therein, it is now, like the mistakes of a certain learned profession, buried beyond recall and beyond rectification.

Of the defendant's motion to dismiss, we think it was entirely unnecessary. The case was no longer pending in any court. The issues had been tried on their merits, and it had been finally adjudged that the plaintiff was 3. SAME: appeal: reversal: dismissal of action: taxation of costs. not entitled to recover, and the failure of this court, in so deciding to make a formal entry of a dismissal of the petition, did not have the effect to leave it pending as a menace to the rights or interests of the defendant. If, therefore, the denial of the order of dismissal presented the only question for our consideration, we should be disposed to say that no prejudice could result to defendant therefrom.

It was proper, however, on filing the procedendo advising the trial court that this court on a hearing de novo had found the plaintiff not entitled to recover, for defendant to move for a retaxation of the costs, and such motion should have been sustained. The principles involved are of such elementary character that it is unnecessary to take time for citation or discussion of authorities. No rule or decision called to our attention by the appellee is in any manner inconsistent with the conclusion we have here reached. The decree below is reversed, and the plaintiff's action is dismissed.—*Reversed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.