FEDERAL SCHOOLS, Appellant, v. LOUIS A. BARRY, Appellee.

**TRIAL: Reception of Evidence—Offer Without Ruling.** A reservation of ruling on an offer of testimony leaves nothing in the record.

**PLEADING: Issues, Proof, and Variance—Failure of Proof.** Plaintiff must necessarily be denied all recovery when he fails to establish the performance by himself of those acts and things which he must perform before any performance is due from defendant.

*Appeal from Clinton Municipal Court.*—HOMER I. SMITH, Judge.

APRIL 3, 1923.

THE opinion sufficiently states the nature of the case.— *Affirmed*.

*F. L. Holleran,* for appellant.

*John E. Purcell,* for appellee.

WEAVER, J.—This action is brought at law, to recover upon an alleged written contract. The appellant's claim is to the effect that, on March 2, 1920, it entered into a written contract with defendant, whereby defendant promised to pay plaintiff the sum of $125 for "a scholarship in applied cartooning;" that plaintiff has performed all its part of the contract; that defendant has paid thereon $23; and that there is due and unpaid a remainder of $102, for which judgment is demanded. The defendant admits

1. TRIAL: reception of evidence: offer without ruling.

having paid "some sums of money" to plaintiff's attorney, but denies each and every other allegation of the petition. He further pleads that, on the date in question, he was a minor, under the age of 21 years, and denies having received consideration for such contract. He still further pleads that the alleged contract sued upon was obtained by fraud and false representation. A jury being waived, the issues came on for trial to the court, and plaintiff called the defendant as a witness in support of its demand, and, presenting the alleged written contract, asked the witness: "Is that your signature on that contract?" The answer was: "I couldn't swear whether it is my signature or not." He admitted that he signed a contract with the plaintiff, but could not swear that the signature shown him was his. Further testifying, the witness said that he had made payment to plaintiff or its counsel to an amount which he estimates at $25. Following this testimony, plaintiff offered in evidence the writing; to which offer the defendant objected, on the ground that no proper identification or foundation had been made for its introduction. Ruling upon this objection was reserved by the court, and none was thereafter made or requested by either party. No other evidence was introduced or offered on either side. The court found for the defendant, and entered judgment against plaintiff for costs. Plaintiff appeals. Under the record made, no other judgment was legally possible.

I. In the first place, the contract sued upon was never admitted in evidence. An offer of it was made, but, it being duly objected to, the court reserved ruling thereon, and did not again recur to the matter. If either party desired a ruling thereon, or wished to have the benefit of such offered evidence, it was his right to call upon the court therefor before the cause was disposed of. No such request was made, and the right is to be held waived.

II. The plaintiff seeks to recover upon an executory contract which it alleges it has duly performed. Defendant denies these allegations specifically, and, as we have seen, the alleged 2. PLEADING: issues, proof, and variance: failure of proof.    contract is not in evidence; and even if that objection be waived, there is not a word of evidence tending to show that plaintiff has ever performed or rendered the agreed service. The instrument sued

on is in the form of a subscription, entitling plaintiff to receive certain materials to be furnished and certain instruction and service to be given by the plaintiff. Surely, it will not be contended that the mere presentation of such subscription is sufficient to sustain a recovery, without proof of performance on plaintiff's part, especially where performance is expressly denied.

The country swarms with agents and canvassers for subscription books and other articles of more or less (usually less) value, and if proof of such subscription is to be held sufficient to sustain a demand for judgment, without any proof that the thing subscribed for has been, in fact, performed or furnished, it would herald a year of jubilee for numberless fakes and frauds for victimizing the unwary and credulous public. Without such showing, not even a prima-facie case is made.

The appellant's case is without merit, and the judgment of the municipal court is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.