IN RE ESTATE OF PATRICK MOYLAN.

ROBERT BROOKE, Guardian of JAMES MOYLAN, under voluntary guardianship, Appellant, v. WILLIAM WHITE, Trustee under will of PATRICK MOYLAN, Appellee.

No. 42753.

FEBRUARY 14, 1935.

Robert Brooke, pro se.

R. S. Jackson, for appellee.

POWERS, J.—James Moylan, who seems to have been in some manner afflicted and in need of special provision for his care, was the residuary legatee under the terms of his father's will. The bequest to him was of the residue of the estate with a provision that it was "to be held in trust for my son, James Moylan".

The appellee herein, who was a son-in-law of the testator, was made executor of the will. Before distribution was to be made in the estate, he filed a petition, in which the sisters of James Moylan joined, asking for an interpretation of the will as to the use of the trust fund and for the appointment of a trustee to carry out the trust. The court construing the will held that the income of the trust, and so much of the principal as necessary, could be used for the care, support and maintenance of the beneficiary, and appointed appellee as trustee to administer the trust under order of the court.

The trusteeship was carried in the same case in probate in which the will was admitted, after the executor had made his final report and been discharged. The appellee, as trustee, received from himself as executor, about the 15th day of August, 1925, the sum of $4,088.48. The fund was at the time deposited in the Wilson Savings Bank. It was, by the trustee, transferred to the Atalissa Savings Bank. The exact date of such transfer does not appear, but it seems to have been about the year 1927. On December 27, 1930, the trustee filed an application for approval of depository in which he stated that the fund was on deposit in the Atalissa Savings Bank, and asked the court to approve that depository. On that date an order was entered by the court authorizing and directing the trustee "to keep on deposit in the saving account of the Atalissa Savings Bank of Atalissa, Iowa, the funds and estate of his ward, drawing four per cent interest, subject to the orders of the court."

On October 6, 1931, the Atalissa Savings Bank closed and was taken over by the superintendent of banking as receiver for the purpose of liquidation as an insolvent institution. The trustee had on deposit at the time $3,313.96, the fund having been reduced to that amount on that date by the expenditure of all the interest and part of the principal for the maintenance and care of the beneficiary. A depositor's claim in the receivership was allowed to the trustee for this amount and two dividend checks of ten per cent paid thereon, thus reducing the loss by that amount.

The trustee filed a report in the probate case, where the trusteeship was pending, in which he sought credit for this loss. The appellant herein, who had been appointed guardian of the beneficiary, filed objections to this report, and, in addition, filed an application in which he sought to have the court determine the amount of the shortage of the trustee and fix the liability of the trustee therefor. The sufficiency of the proceedings and the propriety of bringing them in the forum where brought to determine the liability of the trustee for the loss of the funds are not questioned on this appeal. The trial court held for the trustee, and the guardian of the beneficiary appeals.

I. The matter being in probate and triable by ordinary proceedings, the findings of the trial court on all questions with reference to which the evidence was fairly in dispute would have the same effect as a verdict of a jury. Appellant recognized this

situation on the trial of the case and requested separate findings of fact and conclusions of law by the court, as may be done under the statute where trials are had under ordinary proceedings without a jury. Much is said by appellant, however, about the failure of the trustee to exercise the good faith and high degree of care required by law of one acting as a fiduciary. There is a serious question in this case as to whether any such issue is raised by the pleadings filed. But, if raised, and the trial had been to a jury, there is no question under the evidence but what such issue would have been for the jury and would have been determined by the verdict of the jury. Under such a situation, that issue is in like manner and to the same extent determined by the findings of the trial court. The correctness of the findings of the trial court on that question of fact where the evidence was in conflict is not before us. Our review is limited to claimed and assigned errors at law.

II. Appellant's contention is based primarily on two propositions: First, that the undisputed evidence shows that the deposit made by the trustee in the Atalissa Savings Bank was an investment within the meaning of that term as used in Code, section 12772, and, second, not being such an investment as that section authorizes, it was illegal because no order of court authorizing it was obtained before it was made.

The question as to whether a particular transaction between a fiduciary and a bank by which the fiduciary leaves funds in the bank is a mere deposit or an investment, as distinguished from a mere deposit, has frequently been before this court. If an investment, it is, of course, controlled by the provisions of Code, section 12772. This court has held, however, through a long line of decisions, that the placing of funds in a bank by a fiduciary for convenience to be paid out on the order of the fiduciary or returned to him on demand is not an investment. Officer v. Officer, 120 Iowa 389, 94 N. W. 947, 98 Am. St. Rep. 365; In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35; Andrew v. Sac County State Bank, 205 Iowa 1248, 218 N. W. 24. On the other hand, it has held the placing of funds by a fiduciary on time deposit at interest, where the funds cannot be withdrawn until the expiration of a fixed period of time, is an investment and is governed by the above-cited Code section. In re Fahlin's Guardianship, 218 Iowa 121, 254 N. W. 296. The question as to whether the fund is to draw interest is not controlling. The absolute right to withdraw the fund on

demand seems to be the controlling consideration. In re Fahlin's Guardianship, supra. The deposit of funds in a savings bank at interest under an arrangement by which the bank could require sixty days' notice, before the fund could be withdrawn, has been held to be an investment and subject to the provisions of the statute. Andrew v. Iowa Savings Bank of Ft. Dodge, 214 Iowa 105, 241 N. W. 412.

It is the contention of the appellant that the deposit in the instant case being a savings account in a savings bank was by the authority of the above-cited case an investment. If, in the instant case, the bank had a right to demand a sixty-day notice before paying out the fund to the trustee, the transaction would be an investment. If it had any such right, it must be found in the provisions of the statute, because there was no evidence of any rule or regulation of the bank or any provision contained in the passbook which attempted to give such right to the bank. Appellant contends that under the provision of section 9179 of the Code every savings bank has a right to demand such notice. This section is found in the chapter dealing with savings banks, and we think its meaning is perfectly clear, especially when considered in connection with the sections which immediately precede it in the Code. These sections are as follows:

"9177. Payment. The deposits so received shall be paid to such depositor or his representative, when requested, with such interest and under such regulations as the board of directors shall, from time to time, prescribe, not inconsistent with the provisions of this chapter.

"9178. Regulations—posting. Said regulations shall be printed and conspicuously exposed in the business office of the bank, in some place accessible and visible to all; and no alteration which may at any time be made in such rules and regulations shall affect the rights of depositors acquired previously thereto in respect to deposits or interest thereon.

"9179. Notice of withdrawal. Savings banks may require sixty days' written notice of the withdrawal of savings deposits, but when there are sufficient funds on hand the officers thereof may, in their discretion, waive this requirement."

The first section above cited provides that deposits shall be paid by savings banks *"when requested * * * and under such*

*regulations* as the board of directors shall  \*  \*  \*  prescribe." It is obvious from this section that such deposits are payable "when requested" unless the board of directors have adopted some "regulation" with reference to payment. The second section provides the manner in which publicity is to be given to these regulations, and provides that they shall not affect the rights of depositors who became such before the regulations were adopted. And the last above-quoted section provides the kind of regulations which the bank may adopt with reference to time of payment. Appellant argues that the section simply authorizes a savings bank to require sixty days' notice of the withdrawal of all savings deposits. If that is what the section was intended to mean, the latter half of the section would be pure surplusage. The only way the entire section can be given effect is by holding that it was intended to mean that a savings bank might adopt a regulation requiring a sixty-day written notice, but that having adopted such regulation, it might, if it had sufficient funds on hand, waive the requirement for that notice in a particular case. When the section is read in connection with the sections which precede it, this interpretation can hardly be avoided. The interpretation finds support also in the decisions of this court. In Andrew v. Iowa Savings Bank, 214 Iowa 105, 241 N. W. 412, we held that the bank could demand a sixty-day notice, but not because of the provision of the statute, but because the bank had adopted such a regulation which was a part of the contract between the bank and the depositor. In Popofsky Co. v. Wearmouth, 216 Iowa 114, 248 N. W. 358, we recognize that savings accounts were payable on demand unless there was some regulation to the contrary. We are of the opinion that section 9179 does not authorize savings banks to demand a sixty-day notice before paying their deposits, but does authorize such banks to adopt regulations providing for such requirement.

There being no evidence of any regulation adopted by the Atalissa Savings Bank which would interfere with the right of the trustee to withdraw said deposit on demand, we are of the opinion that the trustee could withdraw it when he requested, or on demand. In view of the previous decisions by this court that such a deposit is not an investment, the provisions of section 12772 are not applicable to it. It follows that, since it was a mere deposit and not an investment, the trustee had a right to make it, and it was not wrongful and he is not personally liable by reason of the loss which re-

sulted from making it. The trial court's finding that the deposit was not an investment is abundantly supported by the evidence.

The conclusion above announced makes it unnecessary to determine the other question raised. We are of the opinion that the decision of the trial court finds support in the law and the facts, and its order is affirmed.

ANDERSON, C. J., and MITCHELL, PARSONS, and HAMILTON, JJ., concur.