EDDIE M. PETERSEN, Appellant, v. NEW YORK LIFE INSURANCE COMPANY of New York, Appellee.

No. 44335.

Appeal from Shelby District Court.—EARL PETERS, Judge.

JUNE 21, 1938.

Carl S. Foster, G. O. Hurley, and Bennett Cullison, for appellant.

Milchrist, Schmidt & Marshall and Jesse E. Marshall, for appellee.

PER CURIAM.—Appellee filed a motion to dismiss this appeal because of total failure to observe Rule 30, which motion was submitted with the case. That there must be some attempt, at least, to comply with Rule 30 of this court in presenting an appeal in a law case has been pointed out so often that no citation of authorities is necessary. In this case, no attempt whatever

294

was made to comply. Appellant makes no claim that Rule 30 was followed. Appellant's only answer to the motion to dismiss is that this case was tried in equity by stipulation of the parties.

Here is what the record shows: Jury was waived by agreement of the parties; said cause was fully submitted to the court and the following proceedings had and taken:

"Plaintiff's Evidence". (Here follows record of admissions by way of stipulation between the parties constituting proof of plaintiff's cause of action in chief)

Then follows: "Defendant's Evidence".

Counsel offered in evidence Exhibit 11, which was objected to as incompetent.

"The Court: Do you want me to rule as in a law case, or let the objection stand?

"Mr. Marshall: It is a law case, and I think we better agree that the court may rule. I do not suppose the court would want to rule.

"The Court: We might receive it subject to the objections the same as in an equity case.

"Mr. Cullison: Alright, we will not make any objection.

"The Court: You can make your objections.

"Mr. Marshall: It is agreed that all objections may be received and ruled upon by the court as in an equity case."

The court proceeded with the hearing. Objections were made without any rulings thereon at the time entered or at any other time. The case was taken under advisement and on October 8, 1937, there was duly entered record entry entitled: "Judgment Entry" which recites:

"On this 8th day of October, 1937 this cause came on in regular order for final judgment, it having heretofore been fully submitted to and taken under advisement by the Court, the parties hereto having waived a jury and tried the case to the Court."

Then follows several pages of finding of facts by the court from which the court determined that the plaintiff was not entitled to recover and proceeded to enter an order dismissing plaintiff's petition and rendering judgment against plaintiff for costs "to all of which the plaintiff at the time duly excepts."

The question is: Does this process convert a law case into an equity case triable in this court *de novo*? We do not think so. It is still a law case and on appeal the rules of procedure applicable to a law case must be followed. This was not done. No assignments of error were made.

The action was essentially one at law to recover money judgment only. It was brought as a law action and entitled "At Law"; it was so recognized by the parties and trial court and a jury was expressly waived. It was perhaps competent for the parties, with the consent of the court, to waive the manner of trial in the reception of evidence and ruling on objections,— (Baker v. Jamison, 73 Iowa 698, 36 N. W. 647)—a practice not to be encouraged—but even so, this did not amount to an agreement to try the case as an equity action. In the case of Hostler Coal & Lumber Co. v. Stuff, 205 Iowa 1341, 219 N. W. 481, the stipulation was as follows: "By agreement jury waived and case to be tried to the court. By agreement the case to be tried in same manner as an equity case." The court held that this language, in the light of the record, was not equivalent to "as an equity cause" and refused to hear the case *de novo*.

We do not lose sight of the fact that under our prior decisions if a law case is brought upon the theory that it is one of equitable jurisdiction and so tried without objection it will be so treated on appeal in this court. Clearfield Bank v. Olin, 112 Iowa 476, 84 N. W. 508; Steltzer v. Railway, 167 Iowa 464, 149 N. W. 501.

The proper procedure is to have a record entry transferring the case from the law to the equity docket or vice versa, but this should not be tolerated indiscriminately. It is not contemplated by our state constitution (Art. V, Sec. 4) nor by the provisions of our statute (section 11431, Code of Iowa, 1935) that law actions be tried in this court except on errors duly assigned and presented and the method of doing this is pointed out by Rule 30 of this court.

The motion to dismiss is accordingly sustained.—Appeal dismissed.