W. Thomas Barnett, Appellant, v. Marion D. Burns, Appellee.

No. 46583.

October 17, 1944.

C. W. Harvey, of Des Moines, for appellant.

Lorna L. Williams and Emmert, James & Lindgren, all of Des Moines, for appellee.

BLISS, J.—Plaintiff filed his petition on March 4, 1944, alleging: 1. His residence in Polk County, Iowa; 2. the Industrial Training Institute was a corporation of Illinois operating a correspondence school; 3. on December 3, 1940, defendant executed his contract with the institute for a course of study therein; 4. the acceptance of the contract by the institute in Illinois and the enrollment of defendant therein; 5. the assignment of the contract by the institute to plaintiff on June 3, 1942; 6. that there was due and unpaid on the contract the sum of $85 and interest, which was the property of plaintiff; 7. the institute was engaged in interstate commerce and was not required to obtain a permit to do business in Iowa. Judgment was prayed for $85 and interest. Copies of the contract and the assignment were made a part of the petition as exhibits. The assignment purported to be signed by the institute, by Gunderson, collection manager, whose acknowledgment stated that he executed the instrument with full power and authority. The petition contained no other allegations.

Defendant's answer denied each of the seven paragraphs of the petition and every allegation thereof. He alleged rescission of the contract but no proof was offered thereof.

The only witness at the trial was the defendant, who was put on the stand by the plaintiff. It appears from the record that defendant, thirty-three years old, a married man, with a little daughter, was a farm hand, being paid "about" $15 a week. He had never done anything but farm labor and his school study ended with the completion of the seventh grade in Sugar Grove School No. 9, Dallas county. He was solicited by a field representative of the institute. Apparently defendant was in doubt whether he could successfully complete the course because of his limited education. He testified the agent told him "without no doubt that I could complete the course with my seventh grade education * * *. He said he had fourth graders that had completed the course." The agreement is apparently on a blank of

the institute. Its name and Chicago street address appear at the head of the paper. So far as pertinent, it is as follows:

"Application and Training Agreement.
Mr. Ray D. Smith, President,                    Date Dec. 3,—40.
Industrial Training Institute.

Please enroll me immediately for your course of training in Practical Electricity. You are to furnish me all of your regular assignments, materials for study, examination paper, instruction help, and consultation service. I am to be permitted to progress with my training as rapidly or as slowly as I desire, except that I shall complete my training within three years from the date of the acceptance of this application. It is understood that all of the services described above are included in the one price of this training which I agree to pay the Industrial Training Institute as follows: $5.00 herewith and $5.00 on the 5th day of each successive month until a total of $95 has been paid."

A few lines not herein material follow and then the signature of defendant, which he admits. Then follows a paragraph for a guarantor, which is not signed, and then the apparent signature of the field representative. The agreement bears no other name of anyone connected with the institute.

There is no direct testimony that this agreement was accepted in Chicago. Proof that it was there accepted may only be inferred from inconclusive circumstances. Defendant paid the field man $5 when he signed the contract and on January 31, 1941, he sent the institute a money order for $5. He paid no more on the contract.

He received two groups of lessons from the institute shortly after December 3, 1940. He worked out two lessons and mailed them to the institute on December 18, 1940. With the lessons he sent a letter. In it he said:

"Will devote all the time I possibly can in learning electricity, and will do all I can, and of course will appreciate your help and encouragement. I think after I get more used to this kind of study and more accustomed to the change I do feel like I will be able to make good. * * * I am sending in my first two lessons with the hope of having the right idea. You being the

teacher and I the scholar, I am willing and anxious to get started and to make a go of it."

The willingness which he expressed met with no help or encouragement from the institute. Naturally, he was anxious to learn how well he had started with those two lessons. But so far as the printed record discloses, and it was admitted by plaintiff's attorney in the oral submission to this court, the institute never thereafter communicated with the defendant about those lessons, never indicated to him that it had examined, corrected, or graded them, and never thereafter gave him any advice or instructions about them or about the course of study. So far as the record shows, after the first two groups of lessons were sent he never received any other "regular assignments, materials for study, examination paper, instruction help, and consultation service," as required by the contract. Under such circumstances it is not surprising that he made no further payments.

Under the contract he was permitted to proceed in the work "as rapidly or as slowly" as he desired. This may have been because of his fear that his educational handicap and his meagre income might seriously interfere with and delay his school work. He could take three years if he wished. But eighteen months before the three years had elapsed, and on June 3, 1942, the institute disposed of the contract by assigning it to the plaintiff. There is no allegation or evidence that the institute was ready, willing, or able to perform the contract, and there is no allegation and not a scintilla of evidence that the plaintiff was ready, willing, or able to do so.

Defendant's motion to direct was based upon the following grounds: 1. Plaintiff failed to show his right to sue on the contract; 2. failed to show his right to sue in Iowa; 3, 4. failed to prove damages; 5. failed to show performance warranting a recovery.

Under the record here made all of the grounds may be good, but we do not find it necessary, and we do not pass upon the first four grounds. But we have no hesitancy in deciding that the fifth ground of the motion must be sustained. The plaintiff has not shown, by evidence sufficient to warrant sub-

mission of the issue to the jury, that either he or his assignor had so performed the contract as to justify recovery as prayed. See Federal Schools v. Barry, 195 Iowa 703, 192 N.W. 816. The ruling of the trial court on the motion and the judgment rendered were right and are—Affirmed.

All JUSTICES concur.