RICHARD R. SMITH, appellee, v. RAY SCOBEE, appellant.

No. 47626.

(Reported in 42 N.W.2d 589)

MAY 2, 1950.

Charles P. Howard, of Des Moines, for appellant.

Bush & Denny, of Des Moines, for appellee.

HALE, J.—It is claimed by the plaintiff-appellee that on the 6th day of February, 1948, he went to defendant's apartment house to inquire for an apartment for rent. Defendant then showed a rental apartment to the plaintiff and inquired if plaintiff had a car and was informed that he had one. It is alleged that defendant then told the plaintiff that a garage went with the apartment and informed him that the rental was $12.75 per week. This price was agreed to by the plaintiff who gave defendant a check for $51 for four weeks rent. Rent was paid at that rate until the 14th of August, 1948. The maximum rent fixed for the apartment during this period was $7 per week. Thereafter plaintiff moved from the premises and brought this action for treble damages.

Defendant, however, claims that plaintiff was informed by him at the time of the renting arrangement that the OPA ceiling on the apartment was $7 per week; that plaintiff was satisfied with the apartment and came back later and agreed to take the apartment provided he could also secure the use of the garage in the rear of the building, but was informed that no ceiling had been placed upon the garages and that the defendant preferred not to rent them along with the apartment, but on the plaintiff's insistence that he had to have a garage near his apartment and his volunteering to pay an additional weekly rental of $5.75 for the use of the garage defendant accepted this offer and received plaintiff's check for $51 for four weeks rental of the apartment at $7 per week and four weeks rental on the garage at $5.75. Defendant claims that the weekly rental of the

apartment was $7 and was so shown on the receipts, although the payments were $12.75; that in August plaintiff vacated the garage and thereafter paid only $7 per week, and defendant claims that because of arrears in payment of rent and because of alleged damages done by plaintiff he was ejected by the defendant and thereafter instituted this suit. Defendant, in his answer, further denied any violation of the rental regulations and claimed that the extra $5.75 per week was never demanded but merely accepted after being offered by the plaintiff for the use of the garage. Further, in his counterclaim, he claimed $20 for damages to the apartment and the incinerator.

There was trial to a jury, which returned a verdict against defendant in favor of plaintiff for $310.70 with interest, to which the court added attorney fees in the amount of $250, from which judgment defendant appeals.

It is unnecessary to set out in detail the testimony offered on the trial. There was sufficient evidence for the plaintiff to authorize the submission to the jury. The fact of the reception of the money, $12.75 per week, was fully established. The action was brought under the provisions of chapter 163, section 205, page 199, of the rent control law, Public Law 129, 80th Congress, 1st Session, 50 U. S. C. A., section 1895. So far as it is applicable to this proceeding, said section is as follows:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided,* That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

726

■ I. The first assignment of error is that the court. erred in giving instruction No. 3 to the effect that the burden was upon the appellant to establish, by a preponderance of the evidence, that the alleged overcharge was not willful. He also alleges error in giving instruction No. 4 which is, in effect, practically the same as No. 3. We find no error in these instructions. The instruction complained of is to the effect that if the jury find the defendant has failed to establish by a preponderance of the evidence that the alleged overcharge was not willful and that practical precautions had been taken by the defendant against the occurrence of this alleged violation, then the verdict should be for the plaintiff for the amount of three times the total that it finds by the preponderance of the evidence was the overcharge. But if defendant has shown by a preponderance of the evidence that his act was not willful or he had taken suitable precautions, then the recovery could be only for the amount of the overcharge, if any. This is followed by a definition of the word "willful" as being applied to a person having a free will or choice, whether he intentionally disregards the statute or is plainly indifferent to its requirements.

We think a careful reading of the statute leaves no doubt of the intent of Congress in enacting it. This intention was to put the burden upon the defendant to show a lack of willfullness or failure to take practicable precautions. There can be no other meaning than that the burden of proof was upon the defendant. We are satisfied there was no error in these instructions.

■ II. The next complaint of the defendant is to the effect that the court erred in refusing to instruct the jury that it is a maxim of law that no one can profit by his own misconduct, and that if it finds that plaintiff offered defendant $5.75 or any other sum in excess of the ceiling rate of $7 per week for said apartment and that the same was a willful act on the part of the plaintiff and done for the purpose of obtaining treble damages from the defendant, then plaintiff cannot recover in any amount. We do not think the evidence would justify the giving of such an instruction. The evidence indicates no more than an ordinary case of a customer seeking rental accommodation, and paying the price demanded. This is an

action under section 205 for overcharge, and not an action for injunction by the housing expediter.

The shortage of housing during the war and thereafter made it a matter of public necessity for Congress to take such measures as would insure proper housing at a reasonable rent. The law, enacted to prevent unreasonable charges, made the act applicable even though the overcharge was not demanded but merely accepted or received. The court was right in refusing to give the instruction.

III. The next assignment of error is claimed by the plaintiff to be a misstatement of fact as well as of law. The assignment is to the effect that the court erred in entering judgment on April 14, 1949, when defendant's motion for new trial was still pending and was not ruled upon until June 29, seventy-five days thereafter. Plaintiff's argument is that the record shows that the court gave defendant until June 14 to file his motion for new trial and that motion was actually filed on June 1, 1949, but the judgment was entered on April 14. Plaintiff argues that rule 247, Rules of Civil Procedure, states that "motions under rules 243 and 244 and bills of exception under rule 241 must be filed within ten days after the verdict, report or decision is filed, or the jury is discharged, as the case may be, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days"; that this rule has been interpreted by this court to mean that the date on which the jury renders its verdict is the date of judgment and the date from which the time commences to run for the purpose of this rule. See Selby v. McDonald, 219 Iowa 823, 259 N.W. 485, providing that motions for new trial must be made within five days after the verdict. Rule 247 is to the same effect except as to the number of days required.

In the present action the jury returned its verdict on the 30th day of March, 1949. The time for a motion under rule 244, R. C. P., began to run on March 30. At time of filing the defendant was fifteen days late in making his motion for extension of time to file.

On April 14 the court filed formal judgment entry on the verdict of the jury and in addition gave the judgment for attorney fees. Thereafter, on June 1, 1949, defendant filed a motion for arrest of judgment and for a new trial, which was overruled. The claim that the court ruled before filing of the

motion is incorrect, since the court did not rule on defendant's motion until June 29. Under the facts we cannot see that the court's entry of a formal order at a later date affects defendant's rights. Defendant did not have a motion on file when the court made the formal entry. The mere fact that defendant argued his motion to the court after formal entry is no ground for a retrial of the case. In any event, this motion was overruled and defendant placed in no worse position than if the entry of judgment had been made after such overruling.

IV. Complaint is made by the defendant that the attorney fees allowed, $250, were excessive. This is a matter very largely in the discretion of the court and it has been so recognized in our decisions. The ruling will not be disturbed when there is no showing of value of services. St. Paul Title, Ins. & Tr. Co. v. Diagonal Coal Co., 95 Iowa 551, 64 N.W. 606. There is a presumption of the reasonableness. Hurni v. Sioux City Stock Yards Co., 138 Iowa 475, 479, 114 N.W. 1074, 1076, wherein it is said:

"That the fee of $40 which was allowed was reasonable must be presumed in the absence of any showing to. the contrary. The trial court is not required to take testimony as to the reasonable amount of an attorney's fee which is to be taxed as part of the costs in the absence of any offer of evidence on the subject. The trial judge must be assumed to know what is a reasonable attorney's fee, at least where no issue as to the amount is specifically raised."

The record fails to disclose that any testimony was offered and we think the rule announced in the foregoing case determines the question. The presumption is that the action of the court was correct and we are not convinced that it was unreasonable. It was within the court's discretion.

V. We also apply the same ruling to plaintiff's request for additional compensation for extra services. A statement of such services is given, but in general they are the same as are incident to many trials. The allowance by the court doubtless contemplated the efforts of the attorneys to sustain the verdict which they had secured, and the court also had knowledge, which we do not have, of the time required for such services.

We think they are incidental in most cases—such services as arguing a motion for new trial or motion for arrest of judgment—and probably in the contemplation of the court in allowing attorney fees in cases where such allowance is proper. We find no error in the court's refusal to allow for these services.

■ VI. Another error assigned is that the court erred in refusing to withdraw from the jury the question of treble damages. We see no error here. The question of treble damages was within the province of the jury. These are allowed by statute in cases where the facts warrant, and the fact questions in the case were for the jury to decide. Plaintiff cites Banks v. Watrous, 134 Conn. 592, 59 A.2d 723, 4 A. L. R.2d 286; Casey v. Hansen, 238 Iowa 62, 26 N.W.2d 50; Falt v. Krug, 239 Iowa 766, 32 N.W.2d 781; In re Estate of Coleman, 238 Iowa 768, 28 N.W.2d 500, all of which support his argument. The question of willfulness was involved—a question that the jury was required to determine.

Other matters not appearing in the assignment of errors are suggested in defendant's argument, one of which is the "garage deal." The evidence was that the defendant had no right to charge for the garage without making an application to the housing commission, and this was not done, and there was testimony that even had the defendant petitioned he would have been allowed only $2.50 per month.

In consideration of the whole case and from examination of the testimony and the record we find that the assignments of error by the defendant are without foundation. We hold that the cause should be and it is affirmed.—Affirmed.

All JUSTICES concur.