CUMBERLEDGE v. COLE.

1. **Evidence**: BURDEN OF PROOF: POSSESSION. Where one entered the inclosure of another and took what he claimed to be his property, it was *held* that he had the burden to establish his title to the property and that he could acquire no legal right by the possession thus obtained.

*Appeal from Appanoose Circuit Court.*

THURSDAY, OCTOBER 5.

ACTION in replevin to recover a calf. The Circuit Court made the following finding of facts and conclusions of law: " That the evidence in the case shows that the plaintiff and

defendant are neighbors, living within a mile and a half of each other and on adjoining farms, and that during the summer of 1875, they were each the owner of a calf of about the same age and size, and that their calves so far as their age, size and color and general appearance were concerned looked so much alike that either party might readily take the other's for his own; that their calves to some extent ran at large upon the same range during said summer; that some three or four weeks prior to the commencement of this suit, the plaintiff put the calf in question in this case in his inclosed field in good faith, believing it to be his property, and that it remained there until the day before the commencement of this suit, when the defendant seeing it in the plaintiff's actual possession in the field as aforesaid, without obtaining the consent or permission of the plaintiff, but in good faith believing it to be his property, opened a gate to the plaintiff's inclosed field as aforesaid, turned the calf out of the field and took it home; that at the time he did so he had no notice that the plaintiff claimed the calf, other than would be given by finding it in the plaintiff's actual possession as aforesaid; that the plaintiff discovering what the defendant had done, promptly and on the same day, asserted his claim to the property, and claimed it as his property; and on the day following brought this suit; that the plaintiff saw the defendant taking the calf out and called to him to desist, but the defendant did not hear him, because of their distance apart, and took the calf, and then the plaintiff immediately followed and overtook them on the way home.

The court further finds that the other evidence of the property and identity and ownership of the property is evenly balanced, but holds as matter of law that the possession of the calf having been shown in the plaintiff as aforesaid, and that the defendant had obtained possession thereof wrongfully, as aforesaid, that no rights would be acquired by this wrongful act, but that the same being shown, made a *prima facie* case in favor of the plaintiff, which defendant must overcome the same as though the actual possession of the calf had not been changed as aforesaid, and as though the action

Cumberledge v. Cole.

had been instituted by the defendant against the plaintiff, without first having actual possession by his wrongful act as aforesaid. Otherwise the defendant would be reaping the advantage of his own wrong. To which ruling of the court the defendant at the time duly excepted and assigns it as error.

The court is further of the opinion that if the rule of law is to the contrary, as above held, the judgment should be entered for the defendant for the return of the property or its value, $15, and so finds."

Judgment confirming plaintiff's title to the property and for costs against the defendant, and against surety on the appeal bond, which is excepted to at the time (by the defendant), and defendant appeals.

*Tannehill & Fee* and *J. C. Coad,* for appellant.

*Miller, Stephenson & Goddard* and *Vermillion & Haynes,* for appellee.

ADAMS, J.—Proof of possession is presumptive proof of ownership. Greenleaf on Ev., 1st Vol., Sec. 34. The plaintiff made a *prima facie* case by proof of possession. The presumption was not overcome by proof that the defendant afterwards acquired possession, because it appeared that he broke the plaintiff's inclosure and took the calf from the plaintiff's possession. He could acquire no legal advantage thereby.

Nor was the presumption in favor of the plaintiff overcome by the evidence as to ownership prior to the taking of possession by the plaintiff, because the court finds that the evidence on that point is balanced. We are of the opinion, therefore, that the decision of the Circuit Court was correct.

AFFIRMED.