## WALLACE v. WALLACE.

1. **Evidence:** ADMISSION OF: ERROR WITHOUT PREJUDICE. Error in admitting evidence to establish a fact fully established by other evidence can work no prejudice, and is no ground for reversal.

2 ———: ———: THE BEST MUST BE PRODUCED. The fact that plaintiff's husband had a written lease for certain land is best proved by the production of the lease itself, and the admission of oral testimony to prove that fact, without laying a foundation therefor, was error.

3. ———: OF CONSIDERATION: MATERIALITY. Where defendant claimed to be the owner of property which formerly belonged to plaintiff's husband, evidence of consideration passing from defendant to, plaintiff's husband was material, and should have been admitted.

4. ———: CROSS-EXAMINATION. Where plaintiff testified that she owned certain land, it was proper, on cross-examination, for the purpose of testing the accuracy and truthfulness of her statements, to require her to state how she became such owner.

5. ———: POSSESSION AS EVIDENCE OF OWNERSHIP. One who has possession of personal property is *prima facie* the owner thereof, and he who seeks to establish ownership in another than the one in possession, has the burden of proof.

*Appeal from Howard Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION OF REPLEVIN. There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts involved in the questions ruled by the court are stated in the opinion.

*McCarty & McCook*, for appellant.

*Reed & Marsh*, for appellee.

BECK, J.—I. The plaintiff claims the property involved in this suit as the widow of Henry Wallace, on the ground that

1. EVIDENCE: admission of error without prejudice.

it was exempt from execution, and by the law was set apart as her property. Defendant claims that he is the lawful owner of the property. A copy from the records of a county in Wisconsin, showing plaintiff's marriage to Henry Wallace, was admitted in evidence, against defendant's objection that it was not sufficiently authenticated. The objection is renewed in this court. We waive the questions discussed under this point, for the reason that the marriage of the parties was sufficiently shown by reason of their cohabitation, the husband's recognition of the plaintiff as his wife, and his admissions of that relation. If the record was not sufficiently authenticated, its admission was without prejudice.

II. The property in question consists of farming utensils

2. ——: ——: the best must be produced.

and stock used by farmers. It was kept upon a farm where Henry Wallace died, and which belonged to defendant. Plaintiff was permitted to prove by her oral testimony that her husband held a life lease of the farm, which was in writing. To this evidence defendant objected, on the ground that the lease itself was the best evidence, and parol proof of its contents was inadmissible. The objec-

tion was well taken, and should have been sustained. The evidence in regard to the lease was important in tending to establish plaintiff's title to the property. If he had no lease, it would be a circumstance in favor of defendant, as the property was used upon the farm, and, if defendant was cultivating it, a presumption would arise that he used his own utensils and stock; so, if plaintiff's husband was farming the land, there would arise a presumption that he owned the property used by him for that purpose. These presumptions, though slight, would doubtless have some effect with the jury. The court, therefore, erred in not requiring the introduction of the written lease.

III. The court rejected evidence offered by defendant tending to show that he had assumed debts owing by

3. —— : of consideration : materiality of.

Henry Wallace. The evidence was competent in order to establish a consideration for the transfer of the property from the deceased to defendant, and should have been admitted. In one instance, defendant proposed to testify to declarations and directions made by the deceased in regard to the defendant's paying one Bigby. Both defendant and Bigby were present at the time. The objection to the evidence was on the ground alone of immateriality. It was surely material in order to show the true extent and character of the transactions between defendant and the deceased.

IV. The plaintiff testified that her husband cultivated some land belonging to her. She was interrogated on cross-

4. —— : cross-examination.

examination as to how she acquired the land, and an objection to the evidence was sustained on the ground of immateriality. We think it should have been answered. Plaintiff alleged ownership of the land. The accuracy and truthfulness of her statements the defendant had a right to test by requiring her to explain how she became the owner. For this, if for no other reason, she should have been required to answer the question.

V. The defendant requested certain instructions to the ef-

fect that possession of the property at the time of the death of Henry Wallace, if the jury so found, *prima facie* invested defendant with the title, and cast the burden upon plaintiff to show title in her husband when he died. Instructions reflecting these familiar rules of the law ought to have been given. Other questions discussed by counsel, as they may not arise again on the retrial of the case, need not be considered. For the errors pointed out the judgment in the circuit court is

5. ——: possession as evidence of ownership.

REVERSED.