THOMAS S. STEWART, Appellant, v. HENRY WILD, Appellee.

PROPERTY:   Possession—Presumption as to Ownership.   Proof that
stock was on the premises of a defendant and under his control, both
before and after it was at large in the public highway (where it was
alleged to have caused a damage), and that the defendant had infer-
entially admitted that the stock was his, creates a jury question on
the issue of the defendant's ownership.

Headnote 1:   28 Cyc. p. 48.

Headnote 1:   22 R. C. L. 79.

*Appeal from Pottawattamie District Court.*—J. S. DEWELL,
Judge.

APRIL 6, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Action for damages to person and property sustained by
reason of a collision between an automobile occupied by the
plaintiff and certain hogs on the public highway, alleged to
belong to the defendant.   The court directed a verdict in behalf
of the defendant, and the plaintiff appeals.—*Reversed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*W. H. Killpack,* for appellee.

FAVILLE, J.—A companion to the instant case was before
this court once before.   *Stewart v. Wild,* 196 Iowa 678.   The
petition set out in the opinion in said case recites the facts sub-
stantially as alleged in the petition in the instant case.   Appel-
lant seeks to recover for damages by reason of the negligence of

appellee in permitting certain hogs, alleged to be the property of appellee, to be upon the public highway.

But one question is involved in this appeal, and that is whether or not appellant was entitled to go to the jury on the question of appellee's ownership of the hogs which it is claimed caused the injury. Undoubtedly the burden rested upon appellant to establish the ownership of the hogs in appellee. Appellant made no case to go to the jury without the offer of proof upon the question of the ownership of the hogs. To sustain his allegation in this regard, appellant offered proof tending to show that the hogs in question were upon appellee's premises immediately prior to the injury, and that they came from appellee's premises upon the public highway in such a manner as to cause the automobile in which appellant was riding to be overthrown. Appellant also offered proof tending to show that the said hogs had been upon appellee's premises for several days, approximately a week, before the accident. The transaction occurred on May 30th, and the evidence in behalf of appellant tended to show that, after the said injury, the hogs that caused the said injury remained upon appellee's premises and in his possession and under his control for several months, until sometime in the fall, the exact date of which is not stated; nor does it appear from the record what final disposition was made of the animals. It appears that appellee's nearest neighbor is a half mile away. Appellant offered testimony tending to show that, immediately after the injury, appellee appeared at the scene of the accident, and said to appellant, ''I try to keep my hogs up, but they will· get out.'' Appellant contends that the showing so made by him was sufficient to carry the case to the jury.

The motion to direct a verdict was submitted at the close of all the testimony. It is proper to note that appellee denied the alleged conversation, and offered testimony tending to show that he did not own the hogs in question, but that they were stray hogs which came upon his premises.

It was not for the trial court, nor is it for this court, to pass upon the credibility of witnesses on a disputed fact question, nor to determine where the weight of the testimony lies. If appellant offered testimony entitling him to go to the jury on the question of the ownership of the hogs, the court should not have directed a verdict against him because of the denial of

ownership by appellee, nor should the court balance the evidence on the subject and decide where, in his judgment, the preponderance lies. That duty is solely one imposed upon the jury.

It is a well established and very familiar rule that the possession of personal property raises a presumption of ownership in the person having such possession. Strictly speaking, proof of possession of personal property does not create a presumption of law as to ownership, but from proof of such possession a permissible inference of fact of ownership may be found. Proof of possession of personal property is generally referred to as raising a presumption of ownership, or as being prima-facie evidence of ownership. *Cumberledge v. Cole,* 44 Iowa 181; *Courtright v. Deeds,* 37 Iowa 503; *Wallace v. Wallace,* 62 Iowa 651; *Gregory v. Burlington & M. R. R. Co.,* 10 Neb. 250 (4 N. W. 1025); *Trevorrow v. Trevorrow,* 65 Mich. 234 (31 N. W. 908); *Bergen v. Riggs,* 34 Ill. 170; *Doane v. Glenn,* 1 Colo. 495; *Philadelphia Tr., S. D. & Ins. Co. v. Philadelphia & E. R. Co.,* 177 Pa. St. 38 (35 Atl. 688).

Such presumption is, however, a rebuttable presumption, and one which may be met by proof denying ownership; but it is for the jury to determine, from the evidence in the case, whether the presumption has been overcome. Appellant is not to be denied his right to go to the jury upon the presumption that arises from proof of possession, merely because the ownership is denied. There are expressions in cases to the effect that proof of possession raises a presumption of ownership, and that such is sufficient "unless the contrary appears." But whether the contrary appears is to be determined by the jury, upon the evidence in the case.

Of course, it is possible that a plaintiff may, by his own testimony, overcome the presumption of ownership that might arise from possession, and thus place himself in a position where the court should direct a verdict against him; but no such situation is disclosed in the case at bar. There was sufficient evidence of possession and the exercise of dominion and control over the hogs in question, both prior and subsequent to the accident, to carry to the jury the question of ownership; and appellant was entitled to go to the jury on that question. Whether such presumption of ownership was overcome by proof

in behalf of appellee was a question for the determination of the jury, under proper instructions of the court.

We are constrained to hold that the court erred in sustaining appellee's motion for a directed verdict, and that, upon the record as made by appellant, he was entitled to go to the jury on the question of fact presented.

It follows that the judgment appealed from must be, and it is,—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.