IN RE ESTATE OF MAGGIE MARTENS.

MABEL F. BONK, Claimant, Appellant, C. C. CRAWFORD, Administrator, Defendant, Appellee, JACK MARTENS et al., Objectors, Appellees.

No. 44438.

February 7, 1939.

Fisher & Fisher, for appellant.

Meltzer & Vogl and H. H. Hindt, for appellees.

MILLER, J.—Appellant, Mabel Martens Bonk, filed a claim, based on a note for $1,500, against the administrator of this estate. The claim being denied, a petition was filed to secure the allowance thereof, to which the administrator filed answer in the form of a general denial. Various issues were presented by the evidence. We deem it necessary to consider only one of them, namely, whether or not the action of the trial court, in denying appellant's claim, was proper because of the failure to establish that the note was delivered during the lifetime of the deceased.

At the trial, appellant testified that she is the daughter of the deceased. She identified Exhibit A as a note in the handwriting of her mother, dated March 1, 1930, promising to pay appellant $1,500 on December 1, 1930, signed by the decedent. On the back of the note was the endorsement: "This money is coming to her for teaching $1,000, and $500. is what the rest got also. Mother."

The decedent died January 2, 1936. The administrator qualified on March 1, 1936. Appellant testified that, about March 11, 1936, in examining the contents of her mother's safe, she discovered an envelope on which, in her mother's handwriting, was the notation: "Please give this to S. Fisher in case of death. Mabel Martens from Mother"; she delivered the envelope to said Simon Fisher at his law office shortly after she discovered it; Fisher opened the envelope, which was sealed, in her presence and in the presence of the administrator; the note, Exhibit A, was found in the envelope; her mother had

told her that, in case of death, there was a letter for her, but she knew nothing of any note; she found the envelope after the administrator had made an examination of the contents of the safe and had not discovered it; she had loaned her parents $1,000 from time to time out of money earned teaching school; her brothers and sisters each had received $500 when they were married; she married subsequent to March 1, 1930, and did not receive her $500.

Simon Fisher testified that he first saw the envelope and the note after the death of the decedent; he opened the envelope in the presence of the appellant and the administrator; in 1930 appellant agreed to accept a note from her mother in satisfaction of $1,500 owed by her father's estate, which was not paid because of insufficient funds; the decedent told him she had executed a note in favor of appellant for $1,500, and she would bring it to the office and leave it with him; later she told him she had placed it in a box or safe at home and for him to get it and give it to appellant any time he heard of her death; he told her to deliver it to him or leave it with him, and if she wanted to, to turn it over to appellant.

Apparently the trial court held that the claim should be denied because the record failed to establish legal delivery of the note, which formed the basis of appellant's claim. We hold that there was no error in this decision.

■ Section 9476 of the Code provides that every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. This was the common law rule. In the case of Bell v. Mahin, 69 Iowa 408, 29 N. W. 331, this court commences its opinion with the following statement:

"The first defense set up by Petty to the note is that it was executed upon Sunday. It seems to be undisputed that the note was signed on Sunday, but it was not intended to be delivered on that day, and was not in fact delivered until Monday. A promissory note becomes a contract at the time of its delivery. This contract, then, was made on Monday, and is not subject to the objection urged that it is a Sunday contract."

■ Obviously, the note here sued upon could not be made the basis of a valid claim against the estate unless there was a legal delivery of the same, during the lifetime of the decedent.

Our decisions, relative to analogous situations, are reviewed in the recent case of Orris v. Whipple, 224 Iowa 1157, 1170, 280 N. W. 617, 623, wherein we state:

"All there is to show delivery in this case is that the deed was prepared and executed by Miss Aken; that she told others that she wanted the plaintiffs to have the property, and that she had prepared papers so providing. She put the deeds in her safety deposit box and retained the key. We do not think these admitted facts show a legal delivery of the deed in question."

The position taken by this court in the Orris case is controlling here. It is not necessary to review the evidence introduced by appellees. We recognize that this case is not triable de novo; the determination of the credibility of the witnesses and the weight of the testimony were matters for the trial court to decide. In re Smith's Estate, 223 Iowa 172, 271 N. W. 888. Our statement of the facts herein is more favorable to appellant than the record warrants. However, the decisive factor is that, even when we so consider the evidence, the record fails to establish delivery of appellant's note during the lifetime of the deceased.

Appellant did not present to the trial court and does not present to this court the question involving what rights, if any, she might have had had she undertaken to file a claim based upon the alleged indebtedness of the decedent to her independent of the note. Her claim and her petition are based solely upon the note. At page 8 of appellant's argument, counsel states: "Under this record, as we view it, there is but one issue to submit to this court, and that is the sufficiency of the delivery of the note." As above pointed out, the trial court's decision on that issue was right. The judgment entered pursuant thereto must be and it is affirmed.—Affirmed.

MITCHELL, C. J., and BLISS, SAGER, STIGER, OLIVER, and HALE, JJ., concur.