In re Estate of Frederick R. Cornish.

Clara Marhoefer et al., Appellants, v. Merchants National Bank, Executor, et al., Appellees.

No. 46252.

June 15, 1943.

J. U. Yessler and Fred W. Hann, both of Cedar Rapids, for appellants.

A. G. Keyes, of Cedar Rapids, John M. Rankin, Attorney General, and C. Ream Doughrity, Counsel for State Inheritance Tax Division, for appellees.

Miller, J.—Frederick R. Cornish died testate May 3, 1941. The will was admitted to probate and the Merchants National Bank was appointed executor and qualified as such. On June 30, 1941, the executor made application for authority to open four sealed envelopes, found in the safe-deposit box of testator. The state tax commission appeared to protect the interests of the state in regard to inheritance taxes. The residuary legatees under the will also appeared and joined in the application of the executor. Notations on the envelopes indicated that they were the property of Jennie E. Westfall, Clara Marhoefer, Laura Miner, and Mr. and Mrs. Benjamin Gallup.

These parties resisted the application of the executor and claimed the envelopes. Hearing was had and on September 22, 1941, the court ordered the envelopes opened in the presence of the court.

The envelope claimed by Jennie E. Westfall bore the following notation on the outside thereof: "Property of Mrs. Jennie E. Westfall, Kinross, Iowa." Attached to the envelope was a slip on which was noted: "Merchants National Bank. The attached envelope is the property of Mrs. Jennie E. Westfall, to whom it is addressed. Please deliver the same to her. [Signed] F. R. Cornish." The notations on the other three envelopes were substantially identical, as were the slips attached to each.

Within the envelope bearing Mrs. Westfall's name was a letter, as follows:

"Cedar Rapids, Iowa, September 13, 1938.
Mrs. Jennie E. Westfall,
        Kinross, Iowa.
My dear Mrs. Westfall:
        The enclosed 5% coupon bond for $1,000.00, I give to you. The Y. is in good condition under the management of the Secretary, Mr. Hankins, and an able Board of Directors, and I think the bond will be paid at maturity. The bond is payable to the holder. If necessary, you can use this letter to establish your ownership. You will note the coupons are payable at the Merchants National Bank. If not convenient to cash them without charge.
        Thanking you for your goodness,
                                Very truly,
                                [Signed]   F. R. Cornish."

The bond, referred to in the letter, was also enclosed.

In the envelope bearing Mrs. Miner's name was a letter as follows:

"Hotel Roosevelt, Cedar Rapids, Iowa.   October 26, 1938.
My dear Mrs. Miner:
        The enclosed currency, to the amount of Two Hundred ($200.00) Dollars, I give to you.

I wish I were able to make it a larger amount.
Thanking you for all your kindness,
Very truly,
[Signed]   F. R. Cornish.''

The $200 in currency was also enclosed. The envelope bearing Clara Marhoefer's name contained a similar letter and $200 in currency. The envelope bearing Mr. and Mrs. Gallup's name contained a similar letter and $300 in currency.

Additional pleadings were filed and a hearing was had to determine the ownership of the contents of the envelopes. The matter was submitted on a stipulation of the facts above reviewed. There was no other evidence introduced. The court determined on such facts that the testator intended to make gifts of the contents of the envelopes to the persons named on the outside of each, but that, in each case, the intended gift failed because of failure to make a legal delivery that would complete the gift. Accordingly, the court determined that the property was owned at the time of death by the decedent. The claimants appeal to this court.

In making its decision herein, the court relied upon and followed the decisions of this court in the cases of Orris v. Whipple, 224 Iowa 1157, 280 N. W. 617, 129 A. L. R. 1; and In re Estate of Martens, 226 Iowa 162, 283 N. W. 885. Unless we are to overrule such decisions, the decision herein must be affirmed. We see no reason for overruling them. We adhere to them.

In the case of Orris v. Whipple, supra, a deed was found in the safe-deposit box of the decedent. We held that there was no valid delivery of the deed and that it was ineffective. In so holding we overruled Davis v. John E. Brown College, 208 Iowa 480, 222 N. W. 858; Robertson v. Renshaw, 220 Iowa 572, 261 N. W. 645; and Boone Biblical College v. Forrest, 223 Iowa 1260, 275 N. W. 132, 116 A. L. R. 67. At page 1171 of 224 Iowa, page 624 of 280 N. W., we state:

''We conclude that the rule announced in Lathrop v. Knoop, supra, Goodman v. Andrews, supra, and Arndt v. Lapel, supra, is the better rule and should be adopted, followed and re-

affirmed as the definite and fixed rule of this court in this class of cases. We will thus have returned to the long and well established rule and be in step with our sister states, and supported by the great weight of authority.''

In the case of In re Estate of Martens, supra, a promissory note was found in the safe-deposit box of decedent. We adhered to the position taken by us in Orris v. Whipple, supra, and held that the record failed to establish delivery of the note during decedent's lifetime.

Claimants herein seek to distinguish the holdings of this court in the two cases relied upon by the trial court. They make two contentions: first, that the notation on the outside of each envelope must be taken as a verity, and second, that the envelopes were wrongfully. opened and the contents are inadmissible in evidence. We are unable to agree with either contention.

This court has repeatedly recognized that a rebuttable presumption of ownership arises from possession of property. Stewart v. Wild, 202 Iowa 357, 359, 208 N. W. 303; Jackson v. Jetter, 160 Iowa 571, 576, 142 N. W. 431; Wallace v. Wallace, 62 Iowa 651, 654, 17 N. W. 905; Cumberledge v. Cole, 44 Iowa 181, 183; Courtwright v. Deeds, 37 Iowa 503. Section 11280 of the Code, 1939, provides that certain entries of a person since deceased are presumptive evidence of the facts stated. Also we have often held that written and oral declarations against interest may be shown. But we have never held any such declaration to be a verity. Counsel cite no authority for their contention. We know of none. The fact that the envelopes were found in decedent's safe-deposit box raised a rebuttable presumption that he owned the contents. The notations on the outside of each envelope constituted evidence that decedent did not own them. The court had the power to open the envelopes to further the ends of justice to determine the truth as to such ownership.

When the contents of the envelopes were brought to light, the signed statements within the envelopes more than offset the effect of the notations on the outside thereof. Had the bond and currency within the envelopes constituted property of claimants left with decedent for safekeeping, surely some evidence of that fact would be available. None was produced. Upon the record

as made, the court was right in holding that decedent attempted to give away some of his property and failed to legally complete the gifts.

The cause is—Affirmed.

GARFIELD, C. J., and OLIVER, WENNERSTRUM, BLISS, HALE, SMITH, and MANTZ, JJ., concur.

MULRONEY, J., takes no part.