**Paul LUDDINGTON, Appellee,**

v.

**Mary E. MOORE, Appellant.**

**No. 52692.**

Supreme Court of Iowa.

Jan. 9, 1968.

Thomas Hyland, of Wilson, Hyland & Brick, Des Moines, for appellant.

R. L. Morgan, Des Moines, for appellee.

MASON, Justice.

This is a law action tried in the Des Moines Municipal Court without a jury seeking damages for alleged fraud in the sale of a hearing aid. Plaintiff recovered judgment for $346.29 and costs.

Defendant's appeal assigns as the sole error relied on the failure to sustain her motion for directed verdict made at the close of plaintiff's evidence but not renewed at the close of all evidence.

Defendant Mary E. Moore maintained a booth for hearing tests at the 1964 State Fair. Plaintiff Paul Luddington stopped at her booth because he felt he had a hearing deficiency. Defendant gave plaintiff a test and said he was hard of hearing in his right ear. Plaintiff did not talk to Mrs. Moore again until May 1965. In June she again called plaintiff and said she would like to send Mr. Ferguson, the factory representative, out to plaintiff's home. Ferguson went there, gave plaintiff a test, told him he definitely needed a hearing aid, it would help him and that the equipment Ferguson had with him would allow the factory to devise an aid specially for plaintiff's deficiencies. Ferguson then fitted plaintiff with a hearing aid and collected a down payment of $100 on the total purchase price of $346.29. Shortly Ferguson delivered the hearing aid and collected the balance. Plaintiff tried it on for about five minutes and was satisfied.

When plaintiff later attempted to use the hearing aid he could not hear parties on television or telephone and the noises during his employment at the Firestone Tire & Rubber Plant bothered him. According to plaintiff, Ferguson had told him the noises would not bother him.

Plaintiff told Mrs. Moore he was not satisfied with the hearing aid and demanded his money back. She told him to return the aid, which he did by mail within two weeks from receiving it.

Later plaintiff had a hearing test at Des Moines Hearing and Speech Center upon the advice of the attorney general's office.

Neil Verhoef, executive director at the Center, after testifying as to his qualifications and familiarity with all commercial types of hearing aids available, explained the audiometric evaluation given plaintiff. He did not recommend a hearing aid because of the nature of plaintiff's hearing loss. He said generally he would not recommend a hearing aid for plaintiff because, as built today, they are not capable of allowing him to hear better than without one.

I. At the close of plaintiff's evidence defendant moved for a directed verdict on the ground plaintiff had alleged fraud only in general and abstract terms without enumerating any specific acts of fraud on defendant's part and plaintiff's evidence failed to show fraud.

As stated, defendant's motion for directed verdict was not renewed at the close of all the evidence. Hence, any error in the ruling was waived by failure to renew the motion at the close of all the evidence. Olson v. Barnick, 245 Iowa 217, 222, 61 N.W.2d 733, 736; Ver Steegh v. Flaugh, 251 Iowa 1011, 1020, 103 N.W.2d 718, 724, and citations; Smith v. Smith, Iowa, 139 N.W.2d 453, 457, and citations.

II. We prefer not to rest our decision on defendant's failure to renew her motion. Had it been renewed, it would have been properly overruled.

In paragraph 3 of his petition plaintiff alleged:

"That said hearing aid was purchased upon false misrepresentation and statements made by Defendant or her agents and through the fraudulent misrepresentation of Defendant or her agents, which this Plaintiff relied upon, and was not in a position to discover the falsity of prior to the purchase of this hearing aid, and which representations were misleading to this Plaintiff and were made by Defendant with the knowledge of their falsity or under conditions where they should have known of the falsity of said representations."

Defendant's answer amounted to a general denial and she made no attack on plaintiff's petition until her motion to direct.

Defendant asserts as her second brief point in support of her assigned error that in pleading fraud the specific facts relied upon should be alleged.

■ She relies on New York Life Ins. Co. v. Clemens, 230 Iowa 279, 286–287, 297 N.W. 253, 257, and Lynch v. Kerslake, 186 Iowa 983, 987, 173 N.W. 147, 149. In New York Life Ins. Co., we said it is also the general rule in pleading fraud that the specific acts relied upon should be alleged and whoever sets up a fraud must do more than allege fraud in general and abstract terms, he must set out the specific acts of which the fraud consists. However, the statement was made in considering complaint of the trial court's overruling defendant's motion for more specific statement.

In the Lynch case, supra, the court was referring to an alleged defense of fraud in an action on a promissory note. Neither case helps defendant here.

■ The petition, although vulnerable to a motion for more specific statement, rule 112, Rules of Civil Procedure, was not so fatally defective as to require a directed verdict.

■ Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R.C.P., it will be resolved against the pleader. Reed v. Harvey, 253 Iowa 10, 13, 110 N.W.2d 442, 443–444; Winneshiek Mutual Insurance Association v. Roach, 257 Iowa 354, 366, 132 N.W.2d 436, 444; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352. If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the petition should be construed in the light most favorable to plaintiff, with doubts resolved in his favor and the allegations accepted as true. Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258; Newton v. City of Grundy Center, 246 Iowa 916, 921, 70 N.W.2d 162. Halvorson v. City if Decorah, 258 Iowa 314, 319, 138 N.W.2d 856, 860.

■ III. We think there is sufficient evidence of fraud. Marvin Ferguson, called as defendant's witness, testified he was employed by defendant, was not a factory representative and had gone to plaintiff's home to evaluate his hearing loss and provide him with a hearing amplifier that would help him. Although admitting he advised plaintiff a hearing aid could be built to help him, he denied making any representation to plaintiff that he actually needed a hearing aid.

Defendant did not see fit to take the witness stand to contradict plaintiff's evidence.

■ This being a law action tried to the court, it is reviewable on errors assigned and is not triable de novo here. Rule 334, R.C.P. Thus, the findings of

fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of witnesses.

The real test is the sufficiency of the evidence to support the conclusion of the factfinder. Clark v. Marietta, 258 Iowa 106, 109–111, 138 N.W.2d 107, 109–110.

The essential elements of fraud are set forth in Syester v. Banta, 257 Iowa 613, 618–619, 133 N.W.2d 666, 674. We hold there is substantial evidence to support a finding they have been established by the necessary quantum of proof.

The cause is

Affirmed.

All Justices concur.