**ALLIED MUTUAL INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**FARMERS NATIONAL COMPANY et al., Defendants.**

Civ. No. 68–C–2031–C.

United States District Court,
N. D. Iowa,
Central Division.

March 2, 1970.

Kent Forney, Des Moines, Iowa, for plaintiff.

Evan L. Hultman, U. S. Atty., and Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa., for defendants.

### MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon a stipulation between Allied Mutual Insurance Company and the Commodity Credit Corporation. The stipulation properly sets forth the factual background of the dispute and is incorporated by reference herein. The parties have provided the Court with scholarly briefs and argument upon the legal issues. Simply stated, the question for decision is whether a warehouseman's conduct relative to bulk grain held by him for purposes other than storage for compensation is

secured by a statutory bond issued pursuant to Iowa Code Chapter 543.

■ This Court has considered a similar question before. Memorandum and Order of August 1, 1969, 303 F.Supp. 555. It is the law of this case that the instant statutory bond secures only those obligations and duties undertaken by the principal *as a warehouseman.* A "warehouseman" is "a person who uses or undertakes to use a warehouse for the storage of agricultural products for compensation." Iowa Code Section 543.1 (8). It is undisputed that the conduct defined by the stipulation did not constitute "storage." Where, as here, the principal's conduct falls outside the ambit of bond coverage his surety cannot be liable.

Commodity argues, however, that the essence of the statutory scheme is a bailment relationship: whenever agricultural products are entrusted to a warehouseman under facts which permit a legal conclusion of bailment there must be bond coverage. The Court believes that this position ignores the crucial language of the bond under which liability is sought to be imposed. The bond limits Allied's liability to its principal's breach of duties and obligations "as a warehouseman." This is the language of the bond. This is the language of the statute. The parties have struck a clear bargain which cannot be altered from the perspective of after-thought. It follows that Allied is not responsible for its principal's non-bonded activities.[1]

■ The parties have raised the possible application of the last paragraph of Iowa Code Section 543.13 which provides:

Notwithstanding any other provisions of this chapter, the bond provided in this section shall cover all bulk grain deposited with a licensed warehouseman.

This paragraph was added to Section 543.13 in 1967, *after* the issuance of the instant bond. Commodity has stated previously that:

A surety's liability on a statutory bond cannot be extended to cover duties of the warehouseman other than those defined in the statutes in force at the time and under which the bond was executed.

This position is correct. It requires no citation of authority to hold that the amendment to Section 543.13 must not be applied retroactively. This is not to say, however, that the amendment would be ineffectual in a proper case. This Memorandum, together with all Orders of any Court, should always be construed within the bounds of the facts which prompt their rendition.

Accordingly, it is hereby ordered that the stipulation of the parties is approved in accordance with the terms thereof.

It is further ordered that the portion of the Commodity Credit Corporation claim in the amount of $1,694.28 which arises from losses sustained by Commodity while the warehouseman was receiving and loading out grain pursuant to Loading Order 67–04 is disallowed.

It is further ordered that each party will bear its proportionate costs.

It is further ordered that the legal issues raised by Paragraphs 4 and 7(b) of the Stipulation shall come on for hearing and separate determination at a time to be set by the Court.

---

1. It is worthy of mention that Commodity previously has argued to the Court: "It must be concluded that the statutory scheme requiring the bond is only concerned with protecting the storage aspect or bailment relationship arising out of the storage of goods for compensation."