**QUAD COUNTY GRAIN, INC., Appellee,**

v.

**Pearl POE, Appellant.**

**No. 55183.**

Supreme Court of Iowa.

Nov. 15, 1972.

Vincent E. Johnson, Montezuma, for appellant.

Heslinga & Heslinga, Oskaloosa, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

MOORE, Chief Justice.

Trial to the court of plaintiff's action at law alleging defendant-farmer's failure to deliver 25,000 bushels of corn in compliance with an oral sale agreement resulted in judgment for damages as claimed. Defendant has appealed. We affirm.

On February 25, 1971 plaintiff filed its petition alleging defendant made an oral contract to sell plaintiff 25,000 bushels of No. 2 Yellow Corn to be delivered within ten days at the then market price of $1.25

per bushel; 3136.43 bushels had been delivered; plaintiff was paid therefor; defendant failed to deliver the remainder of corn but sold it to another party for a greater price and that as a result of defendant's failure to comply with said contract plaintiff had been damaged in the amount of $1085.35. Defendant's answer, filed March 9, 1971, denied generally each paragraph of plaintiff's petition.

Trial of the cause was set for 2:00 p.m., June 14, 1971. At 12:57 p.m. that day defendant filed an application for separate adjudication of law points under rule 105, Rules of Civil Procedure. The application stated the alleged oral contract was unenforceable under Code section 554.2201(1), the Statute of Frauds. At 2:00 p.m. defendant filed an amendment to his answer alleging he had signed no contract or any memorandum as alleged in plaintiff's petition. Trial to the court started at 2:05 p. m., on June 14, 1971 as scheduled.

Plaintiff's manager testified regarding the terms of the oral agreement, its breach by defendant and the resulting damages. He identified an instruction from the Agricultural Stabilization and Conservation Office authorizing removal of defendant's 25,000 bushels of stored corn and the amount of money owed by defendant thereon. The instrument authorized plaintiff's acceptance of defendant's corn. Defendant was then called as an adverse witness. He testified he owned the corn sealed with ASC and that he had told that office the corn was being sold to plaintiff, Quad County Grain Company. No objections were made to any of plaintiff's evidence.

At the close of plaintiff's case defendant made a motion to dismiss in which he asserted plaintiff's claimed oral agreement was within the Statute of Frauds and contrary to Code section 554.2201. The motion was overruled.

Defendant's evidence was limited to his testimony. His testimony included: "Q. What was the nature of the contract between you and Mr. Swanson at Quad County Grain? A. It was for delivery of corn, 25,000 bushels at $1.25 per bushel."

The main thrust of his testimony was that plaintiff had told him they wanted no more corn delivered. On rebuttal this was denied by plaintiff's manager. The court found against defendant on this contention. That finding is not challenged on appeal.

I. Defendant's first two assigned errors assert the trial court erred in failing to rule on his application for adjudication of law points prior to trial or at least during trial. The record discloses defendant went to trial without making any record regarding his application for separate adjudication of law points.

By proceeding to trial on the merits, absent any request for a ruling on his application for separate adjudication of law points, defendant must be deemed to have waived any right to later complain. Bailey v. Chicago, Burlington & Quincy Railroad Co., Iowa, 179 N.W.2d 560, 562, and citations. We have nothing to review under defendant's first two assigned errors.

II. Defendant next claims the court erred in receiving defendant's testimony with respect to his admissions of the existence of an oral contract when called by plaintiff as an adverse witness. Defendant made no objection to this testimony in the trial court. Questions or issues not presented to and passed upon by the trial court cannot be raised and reviewed on appeal. McCarthy v. J. P. Cullen & Son Corp., Iowa, 199 N.W.2d 362, 370; Vogelaar v. Polk County Zoning Bd. of Adjustment, Iowa, 188 N.W.2d 860, 863; Thomas v. Blecker, Iowa, 181 N.W.2d 129, 131; Cole v. City of Osceola, Iowa, 179 N.W.2d 524, 527; Ke-Wash Company v. Stauffer Chemical Company, Iowa, 177 N.W.2d 5, 9 and citations.

III. Defendant's remaining assigned error is the trial court should have sustained his motion to dismiss made at the close of

plaintiff's case in chief. He argues plaintiff's cause was within the Statute of Frauds and contrary to Code section 554.-2201(1). As pertinent here it provides: "Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." The exception relied on by plaintiff is found in Code section 554.-2201(3)(b) which provides: "3.A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable * * * (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made * * *."

■ Defendant's testimony, both as an adverse witness called by plaintiff and as a witness in his own behalf, establishes evidence to bring the claimed oral contract within the exception set out above. The trial court's finding in this regard is supported by substantial evidence.

■ IV. It must be noted also defendant did not renew his motion to dismiss at the close of all the evidence. A motion to dismiss during trial in an action tried to the court is equivalent to a motion for directed verdict if there had been a jury. Henschel v. Hawkeye-Security Insurance Company, Iowa, 178 N.W.2d 409, 414; Brown v. Schmitz, 237 Iowa 418, 420, 22 N.W.2d 340, 341. We have repeatedly held that when a motion to dismiss or for directed verdict made at the close of plaintiff's evidence is not renewed at the end of the trial, any error by the trial court in overruling the motion is deemed to be waived. Luddington v. Moore, 261 Iowa 641, 644, 155 N.W.2d 428, 430; Speck v. Hedges, 256 Iowa 787, 792, 128 N.W.2d 918, 921, and citations in each.

Defendant-appellant has failed to establish any reversible error.

Affirmed.