THOMAS TRUCK AND CASTER COMPANY, Appellant,

v.

BUFFALO CASTER AND WHEEL CORPORATION, Appellee.

No. 55737.

Supreme Court of Iowa.

Sept. 19, 1973.

Bell & Hansen, New London, for appellant-cross-appellee.

Pollard, Deitchler, Thomas & Lawse, Fort Madison, for appellee-cross-appellant.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

On trial to the court of defendant's counterclaim for the alleged retention and conversion of three drill presses by plaintiff the court entered judgment in the amount of $2450 with 5 percent interest thereon from date of judgment. Plaintiff has appealed and assigned four grounds for reversal. Defendant has cross-appealed and asserts the trial court erred in fixing interest from the date of judgment entry rather than from the date the debt arose. We affirm on both appeals.

Plaintiff, Thomas Truck and Caster Company (Thomas) and defendant, Buffalo Caster and Wheel Corporation (Buffalo) are industrial businesses engaged in manufacturing and selling similar products. In 1942 Buffalo became a wholly owned subsidiary of Thomas when Thomas bought all of Buffalo's stock. In 1951 Buffalo was moved from Buffalo, New York to Keokuk, Iowa. The New York plant was closed, some machinery was sold, and some moved to Keokuk. The three presses involved in this action were allegedly moved from New York to Keokuk.

In 1964 Buffalo moved from Keokuk to Farmington, Iowa where it remained until September 7, 1967, when the Farmington plant burned. Some of its machinery was destroyed. Some was returned when Buffalo returned to Keokuk and continued business until December 1968. Buffalo then moved to Vandalia, Missouri. While Buffalo was in Keokuk, plaintiff and defendant companies combined their manufacturing facilities, but both companies kept separate sales organizations.

In 1969 Thomas sold control of Buffalo to Walter K. Thomas (Walter). Terms of the sale were agreed to on April 30 and control passed on June 20 of that year. Both before and after the sale Walter told Thomas officials he believed Thomas still had some of Buffalo's equipment, but Thomas officials, after investigation, did not agree. Walter completed the purchase without exercising his right to an inventory of the machinery.

On the day the Buffalo stock was transferred to Walter, various officers and employees of Thomas copied drawings, blueprints, orders and customer lists belonging to Buffalo. This was contrary to the provision in the sale agreement that Thomas would surrender all records, documents, files and other property of every kind and description belonging to Buffalo.

This action was commenced March 22, 1971 by Thomas on an open account

against Buffalo. The amount owed on account was agreed to by the parties. We are here only concerned with Buffalo's counterclaim alleging Thomas had failed to deliver three presses to Buffalo during the change of ownership.

I. Appellant Thomas' first contention is the trial court erred in failing to consider and rule on the affirmative defense of estoppel as pleaded by plaintiff-appellant.

The trial record discloses no reference to plaintiff's pleaded defense of estoppel. The trial court prepared and filed detailed findings of fact and conclusions of law. No reference was made to any issue of estoppel. Plaintiff made no request for enlarged or amended findings as authorized by rule 179(b), Rules of Civil Procedure.

■ Questions or issues not presented to and passed upon by the trial court cannot be raised and reviewed on appeal. Quad County Grain, Inc. v. Poe, Iowa, 202 N. W.2d 118, 119; Evans v. Rosenberger, Iowa, 181 N.W.2d 152, 155, and citations in each.

■ Plaintiff-appellant's first assigned error presents nothing for review in this court. We note however the record affirmatively shows Buffalo's ownership claim to the three machines was repeatedly asserted.

II. Appellant's second assigned error states the trial court erred in overruling its motion for directed verdict (technically a motion to dismiss as the case was tried to the court). Its motion was made at the close of Buffalo's evidence in chief. It was not renewed at the close of all the evidence.

■ We have consistently held an alleged error in overruling a motion to dismiss or for directed verdict made at the close of claimant's evidence and not renewed at the end of the trial is deemed waived. Quad County Grain, Inc., supra, Iowa, 202 N.W.2d 118, 120; Luddington v. Moore, 261 Iowa 641, 155 N.W.2d 428, 430 and citations. See also Omaha Beverages Co. v. Temp B. Co., 185 Iowa 1189, 171 N. W. 704, 707, where the rule is made applicable to the trial of a counterclaim. Hence any error in the ruling was waived by appellant's failure to renew its motion at the close of all the evidence.

III. Appellant's third assigned error questions the sufficiency of the evidence on the question of ownership of the three drill presses here involved.

■ We have recognized that a rebuttable presumption of ownership arises from possession of property. In re Estate of Cornish, 233 Iowa 596, 599, 10 N.W.2d 85, 87; Stewart v. Wild, 202 Iowa 357, 208 N.W. 303, 304; Roy v. Duff, 170 Iowa 319, 324, 152 N.W. 606, 608.

Relying on this presumption or inference appellant argues the evidence does not rebut it. The trial court's findings and conclusions are to the contrary.

Exhibits 1, 2, and 3 are identified in the record as photographs of each of the three presses involved herein, a Sibley, a Hoefer and a Cannedy-Otto. Walter, who was familiar with the operations of both Thomas and Buffalo, testified Thomas had retained the three presses and that they were the property of Buffalo at the time he purchased control of Buffalo and for many years prior thereto.

Lyle Miller, a former officer of Buffalo, testified the three presses shown in exhibits 1, 2 and 3 belonged to Buffalo at the time it came under the control of Thomas and they were brought to Iowa at the time Buffalo was moved to Keokuk.

Robert Royer, a former plant superintendent for both Thomas and Buffalo testified the three presses had been in Buffalo's plant but when the move was made to Keokuk they were in the Thomas plant.

John Hutchinson, secretary-treasurer of Thomas for sixteen years, testified Thom-

as' records do not include a sales contract showing transfer of the three presses from Buffalo to Thomas.

■ Additional evidence in the record supporting the trial court's finding of ownership of the three presses in Buffalo need not be set out here. The record discloses evidence introduced by Buffalo which is amply sufficient to overcome any presumption or inference created by Thomas' possession. The trial court's finding of ownership in Buffalo is supported by substantial evidence.

■ The rule is well established that the findings of fact by the trial court have the effect of a special verdict and are equivalent to the verdict of a jury. If supported by substantial evidence and justified as a matter of law the judgment will not be disturbed on appeal. In a law action tried to the court, as here, we will not weigh the evidence or pass on the credibility of the witnesses. Northrup v. Foster, Iowa, 204 N.W.2d 889, 890, 891, and citations.

Appellant's third assigned error is without merit.

IV. Thomas' fourth contention is the trial court erred in overruling its motion for new trial. The motion was based on insufficiency of evidence to support the judgment entered.

■ In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Rule 344(f) 3, R.C.P. Only when the evidence clearly shows the trial court abused its discretion will we interfere. Schall v. Lorenzen, Iowa, 166 N.W.2d 795, 798; Vojak v. Jensen, Iowa, 161 N.W.2d 100, 105, 106, and citations. No abuse of the trial court's discretion is found in the record before us.

Appellant has failed to establish any reversible error. On its appeal the judgment of the lower court is affirmed.

V. The sole issue raised by the cross-appeal is Buffalo's claim interest on the $2450 judgment should run from June 20, 1969, the date of the sale, rather than from December 8, 1971, the date of the judgment entry.

Buffalo's counterclaim alleged machinery valued at $5000 was not delivered over to it pursuant to the written contract entered into between the parties. Thomas by answer alleged all property belonging to Buffalo by reason of the contract of sale had been delivered. Considerable evidence on the issues was offered by both parties.

The trial court's ruling on Buffalo's motion for interest from the date of the sale contract includes:

"* * *. A genuine controversy existed as to where the three machines came from, and this Court was required to make a factual determination. This Court is satisfied that a genuine controversy existed as to the ownership of the machines in question and that this controversy was not resolved until the judgment entry was filed therein."

■ The general rule is interest runs from the time the money becomes due and payable. It may be allowed on unliquidated claims whenever it appears the damage was complete at a particular time. Weaver Construction Co. v. Farmers Nat. Bk., 253 Iowa 1280, 1292, 115 N.W.2d 804, 811; General Mills, Inc. v. Prall, 244 Iowa 218, 221, 56 N.W.2d 596, 598.

The general rules are thus stated in 45 Am.Jur.2d, Interest and Usury, section 87, page 78:

"In the absence of a contract to the contrary, interest on money generally runs from the time that it becomes due and payable. * * *.

"Where claims involving money payments are unliquidated and involve sharply disputed items, it has been held that interest should not be allowed prior to a decision of the amount due. * * *."

The only evidence of value of the three presses was the testimony of Walter that they were worth $2450. As we read the record he expressed the value as of the trial date. There was no evidence of value on any prior date. The trial court did not err in ordering interest from the date of judgment. Buffalo's contention on cross-appeal is untenable.

Costs of this appeal are ordered assessed two thirds against Thomas and one third against Buffalo.

Affirmed on both appeals.