William TRUE, Appellee,

v.

MERCHANTS MUTUAL BONDING
COMPANY, Appellant.

No. 2–57925.

Supreme Court of Iowa.

March 16, 1977.

Smith, Peterson, Beckman, Willson & Peterson by Frank W. Pechacek, Jr., Council Bluffs, for appellant.

Maynard S. Telpner, Council Buffs, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves a controversy between a farmer who sold grain and a warehouseman's bondsman. Other cases involving the same bond are *Michael v. Merchants*

*Mut. Bonding Co.*, 251 N.W.2d 531 (Iowa), and *Avoca State Bank v. Merchants Mut. Bonding Co.*, 251 N.W.2d 533 (Iowa).

In the *Avoca State Bank* case, we set out the factual background regarding Claude W. Myler, the elevator operator. Myler became insolvent. He was both a grain dealer and a licensed grain warehouseman and used the same elevator facility to conduct both enterprises. Present chapter 542 of the Code, enacted after these events, governs bonds by grain dealers, and long-standing chapter 543 governs bonds by warehousemen. Defendant Merchants Mutual Bonding Company is Myler's bondsman as warehouseman.

On September 1 and 2, 1972, plaintiff William True sold and delivered 960 bushels of soybeans to Myler for $3.29 per bushel cash. On Monday following, September 4, True requested payment, but Myler, through his employee, told True that Myler did not have funds to pay for the beans. About a week later True again requested payment and received the same response. A few days following True learned that Myler had sold the beans and again requested payment but received the same response. About September 14, 1972, the Avoca Bank called in the Iowa Commerce Commission and Myler closed his doors. He had no beans. True again returned for his money but was told that the Commission was there.

Subsequently True sued Merchants on Myler's warehouseman's bond, the parties tried the case by ordinary proceedings without a jury, the trial court awarded True judgment for the price of the beans and interest, and Merchants appealed. The undisputed liability of Myler is not involved in the appeal.

■ I. The principal question in the appeal is whether True can recover on a *warehouseman's* bond on the basis of a cash *sale* of grain. Under chapter 543, the statutory condition of Myler's bond, which is repeated in the bond itself, is "to secure the faithful performance of his obligations *as a warehouseman* under the terms of this chapter

and rules and regulations prescribed hereunder, and of such additional obligations *as a warehouseman* which may be assumed by him under contracts with depositors of agricultural products in such warehouse." Code 1973, § 543.12 (italics added).

■ The bond protects against Myler's misdeeds qua warehouseman. A somewhat similar case is *Allied Mut. Ins. Co. v. Farmers National Co.,* 303 F.Supp. 555, 557 (N.D. Iowa). That case involved a sale of grain by an elevator. The court stated, "The bond provides for liability of the surety if the principal fails to faithfully perform the *duties of a licensed warehouseman,* in conformity with the provisions of the said Chapter 543 . . . and such *obligations as a warehouseman* which may be assumed by him under contracts . . . with depositors of agricultural products in such warehouse . . . ." The court held that a purchase of grain from an elevator did not come within such coverage. See also *Allied Mut. Ins. Co. v. Farmers National Co.,* 309 F.Supp. 732 (N.D.Iowa) (similar holding in same case).

In the present transaction, Myler was a cash buyer, not a warehouseman, and the bond does not cover. The legislature subsequently enacted chapter 542 regulating grain dealers, to reach transactions such as this one. But that later law does not of course help True in the present case.

II. Merchants also contends that the district court erred in overruling its motions regarding indispensable parties. That contention has become moot by reason of our holding on the merits of the case.

The trial court erred in awarding True recovery on the bond. The petition must be dismissed.

REVERSED.